## LOUIS G. KNOWLES et al. vs. GEORGE C. SUMMEY et al.

1. CHANCERY PRACTICE: *Citation. Publication of notice. Section 1013, Code of 1871.*

  Under this statute, which requires citations to be published for non-residents once a week for four consecutive weeks, it is not necessary that four weeks shall intervene between the date of the first and last publication. It is sufficient if the prescribed time elapses between the date of the first publication and the day on which the party is required to appear, and there are four weekly publications of the order.

2. SAME: *Parties. Pro confesso.*

  Where there are several defendants to a bill in equity, one of them cannot complain on appeal that the cause progressed to a final decree without a *pro*

*confesso* against his co-defendant. The only questions which he can raise are as to the correctness of the decree against him.

APPEAL from the Chancery Court of *Monroe* County.

Hon. O. H. WHITFIELD, Chancellor.

The material facts in this case, and the errors assigned, are very fully stated in the opinion of the court.

*Leigh & Evans*, for appellants:

1. The court could not properly entertain the bill without making Nabors, the trustee, a party. Hill *v.* Boyland, 40 Miss., 618.

2. It was error to enter decree against Jane Thomas, without taking *pro confesso* against her. Cameron *v.* Watson, 1 How., 333; Beville *v.* McIntosh, 41 Miss., 516.

3. The notice as to L. G. Knowles was insufficient. Foster *v.* Simmons, 40 Miss., 585; Ingersol *v.* Ingersol, 42 ib., 162; Code, 1871, § 702.

The demurrer should have been disposed of before any decree could be rendered. Hamley *v.* Cobb, 44 Miss., 699.

*Frank Johnston*, on the same side:

The Code of 1871, § 1013, requires publication to be made *once a week for four consecutive weeks*; the order to be published within *twenty days after it is granted*; the return day to be not less than two months after the *date* of the *order*.

The order was made February 27, 1873. The return day was April 28, 1873. The order was inserted four successive weeks: February 28, March 7th, 14th, and 21st.

Under Hutch. Code, 823, a publication for one month was required, the language being, "shall be published weekly for one month," and in Mitchell *v.* Woodson, 37 Miss., 567, the publication was from April 7, 1854, to May 5, 1854, including between the first and last insertions only twenty-eight days. It was held insufficient. The Code of 1871 was not designed to reduce the period to *three weeks;* the idea is not expressed. It has the same meaning as Hutch. Code.

*Sale & Dowd*, for appellees:

1. The error relied on is that in the order of publication on

the minutes of the court Louis G. Knowles is styled B. G. Knowles. 1st. The order refers to the affidavit and the bill, which are Louis G. Knowles. 2d. The order as published and mailed is Louis G. Knowles. 3d. The report of the clerk shows the order to be against Louis G. Knowles. 4th. The order of confirmation recites all these facts, and shows that Louis G. Knowles received the notice, and he could not be affected by this clerical error on the minutes. See Foster *v.* Simmons, 40 Miss., 589 ; Magoffin *v.* Mandeville, 6 Cushman, 354. Even when the record is silent on the subject of publication and notice. See Cullen *v.* Batton, 2 Ala., 415 ; and Br. Bank Mobile *v.* McGowan, 7 ib., 823 ; 4 Stew. & P., 447 ; 6 Mon., 192 ; 47 Miss., 638.

2. No appeal will lie except from a final decree. A decree on *publication only*, against a non-resident defendant, *shall not be final and conclusive* ; it comes in for a hearing in two years, etc. See Code of 1871, § 1264 ; 47 Miss., 639.

3. It was not necessary to make Nabors, the trustee, a party ; he had no interest. Nabors and Jane Armstrong had parted with all their interest to L. G. Knowles. The court will not reverse for an error not prejudicial to the appellant. 3 S. & M., 647 ; 40 Miss., 61.

Appellant cannot assign for error matters in the record which affect only co-defendants. Peyton *v.* Scott, 2 How., 870 ; Homblin *v.* Groven, 31 Miss., 105 ; Griffin *v.* Prison, 3 Cushman, 173.

CAMPBELL, J., delivered the opinion of the court.

Appellees exhibited their bill against H. A. Knowles, Louis G. Knowles, and Jane Armstrong, to cancel certain deeds alleged to be a cloud on the title acquired by purchase at sheriff's sale of certain real estate, sold as the property of said H. A. Knowles, but which, as alleged, had been formerly conveyed by said Knowles to one Nabors, as trustee, to secure Jane Armstrong a debt, and had been sold by said trustee and bought by L. G. Knowles, all in pursuance of a scheme to

hinder, delay, and defraud the creditors of H. A. Knowles. Summon was executed on H. A. Knowles on the 17th of October, 1872, returnable on the fourth Monday of October, 1872. This summons was returned not found as to Louis G. Knowles and Jane Armstrong, but the last-mentioned name is not in the summons. It has its first mention in the return of the sheriff. Afterwards a summons was issued, returnable to April term, 1873, for "Jane Armstrong, now Jane Thomas, and —— Thomas, her husband, the said Jane Thomas having intermarried with said —— Thomas." On this summons the sheriff returned that Jane Thomas and her husband were not to be found in Monroe county, but were citizens of Lowndes county. On the 11th of April, 1873, a summons was issued for Jane Thomas and her husband, James Thomas, returnable the fourth Monday of April, 1873, and this was duly executed on them by the sheriff of Lowndes county, April 21, 1873.

On 12th February, 1873, affidavit was made of the residence of L. G. Knowles in New York city, and that Jane Armstrong "cannot be found in this state after diligent inquiry," and that her place of residence and post-office are unknown to complainants; and on this affidavit complainants moved for an order of publication to Louis G. Knowles and Jane Armstrong, which order was made, reciting that B. G. Knowles and Jane Armstrong are non-residents, and directs "that the above-named parties enter their appearance herein on or before the next term of the chancery court, to be holden on the fourth Monday in April next in the city of Aberdeen, at the court room, county of Monroe, state of Mississippi, and plead, answer, or demur to the complainants' bill of complaint, or the several allegations thereof will be taken for confessed as to them, and such order or decree rendered therein as the court may think equitable and just. It is further ordered that the clerk of this court transmit by mail a copy of this order to be published in the Aberdeen *Examiner* once a week for four consecutive weeks. February 27, 1873." The clerk published in the Aberdeen *Examiner* a "citation notice," which is not a com-

plete copy of the order of publication made as aforesaid, but orders the said L. G. Knowles to enter his appearance herein on or before the fourth Monday of April, 1873. This "citation notice" was published in the newspaper named, in its regular weekly issues on 28th February, 7th March, 14th March, and 21st March, 1873, and due proof of publication made. On the 1st April, 1873, the clerk of the chancery court aforesaid reported in writing, and filed among the papers, that he had caused the order of publication aforesaid to be published in the *Examiner*, a newspaper ·published in Aberdeen, and "did on the 1st day of April, 1873, transmit by mail a copy of said order, properly directed, with the postage paid, to New York, residence and post-office as stated in said order. On the 30th of January, 1873, H. A. Knowles "filed" an unnamed and unnamable document, in which he states that "said bill of complaint is not signed, nor affidavit made to the same," and asks that he be not required to answer the same, and that it be dismissed. Complainants' solicitors moved for a *pro confesso* as to H. A. Knowles, Jane Thomas (Armstrong), and James Thomas. *Pro confesso* was entered as to H. A. Knowles on summons executed as to him. On 12th May, 1873, *pro confesso* was taken as to L. G. Knowles, on said proof of publication, and the transmission by the clerk of a copy of said order of publication by mail. On the 13th May, 1873, a final decree was made according to the prayer of the bill. From this decree H. A. Knowles and Louis G. Knowles appealed, and assign as error :

1. The decree cancelling the deed to Nabors, trustee, and from him to L. G. Knowles, without Nabors being a party to the suit.

2. Entering a final decree without a *pro confesso* against Jane Armstrong (Thomas), one of defendants.

3. Rendering *pro confesso* and final decree against L. G. Knowles.

4. Rendering like decrees against H. A. Knowles.

5. Failure to dispose of the demurrer of H. A. Knowles; and—

6. In proceeding to a final decree against Jane Thomas upon a bill filed against Jane Armstrong, without requiring said bill to be amended so as to show the marriage of Jane Armstrong, or that she and Jane Thomas were the same.

The 1st, 2d, and 6th errors assigned cannot be taken advantage of on this appeal by appellants. The only questions which they can make are as to the propriety of the decree as to themselves. The 4th error assigned does not exist. The summons was executed on H. A. Knowles on the 17th October, 1872, requiring him to appear on the fourth Monday of same month and answer the bill, and the decree *pro confesso* was entirely proper, so far as the service of the summons is concerned. The 5th assignment relates to the disregard by the court of the nondescript paper which H. A. Knowles filed in the cause. There was no error in this. The remaining assignment is the 3d, which complains of the decrees against Louis G. Knowles, and this involves the question of the validity of the publication of the order for him to appear, and the transmission by mail, by the clerk, of a copy of such order. The report of the clerk, in writing and filed, shows that he transmitted a copy of said order, properly directed, with the postage paid, as stated in said order. Although the order of publication and the "citation notice" published and the report of the clerk are all bunglingly done, and evince the want of both skill and care, we think they show substantially a compliance with the law under which they were made. It is admissible to look to the several parts of the whole means resorted to to make L. G. Knowles a party by publication, and to deduce a conclusion, from the affidavit and order of publication, and publication and report of transmission by the clerk of a copy of the order, as to whether or not the law was complied with. Although a complete and exact copy of the whole order of publication was not published, the "citation

notice" does contain that part of the order which requires Knowles to enter his appearance in the suit at a certain time and place named, and this is all that concerned him, and all that the statute contemplates as necessary to be published to accomplish the object it has in view.

The only remaining inquiry is, whether the publication of the order on the 28th February, and 7th, 14th, and 21st March, was a compliance with the requirement of the statute providing that it shall "be published once a week for four consecutive weeks, in some public newspaper, printed and published in this state." We think it was. It was so held in Griffing v. Mills, 40 Miss., 611.

It is not necessary that four weeks shall intervene between the first and last publication; but where there is the prescribed time between the date of the first publication and the day on which the party is required to appear, and there are four weekly publications of the order, it is sufficient.

We find no error in the record for which appellants can claim a reversal of the decree, and it is affirmed.