Granquist *v.* Crystal Springs Lumber Co.

(In Banc. March 24, 1941.)

[1 So. (2d) 216. No. 34490.]

Wells, Wells & Lipscomb, of Jackson, and M. S. Mc-Neil, of Hazlehurst, for appellant.

574

Butler & Snow, of Jackson, and **W. S. Henley**, of Hazlehurst, for appellee.

**Griffith, J.,** delivered the opinion of the court.

The determinative issue, and a sufficient statement of the facts to disclose it fully, is presented by the fourth special plea of the defendant, appellee here. The demurrer to that plea was overruled by the court; appellant declined to plead further, and the action was dismissed. The plea is as follows:

"Now comes the defendant, Crystal Springs Lumber Company, by its attorneys, and for fourth special plea to the declaration herein says that this action ought not to be maintained against it, for that this is an action by the plaintiff against the defendant for and on account of personal injuries alleged to have been sustained by the plaintiff, resulting from an automobile collision which occurred in Copiah County, Mississippi, on or about December 27, 1938, and said plaintiff did on or about the 15th day of August, 1939, file her suit against Thorpe A. Huntington and others in the District Court of the United States for the Jackson Division of the Southern District of Mississippi, a court of competent jurisdiction, said suit being No. 91 on the law docket of said court, wherein and whereby said plaintiff sought to recover damages for said personal injuries alleged to have been sustained by her in said automobile collision. A copy of said declaration in said suit so filed in the District Court of the United States for the Jackson Division of the Southern District of Mississippi is attached hereto as Exhibit 1 and as a part hereof, and a copy of defendant's answer in said suit is attached hereto as Exhibit 2 and as a part hereof.

This defendant has been at all times since said collision found within the jurisdiction of said United States Court.

"Issue was joined in said suit and the same came on for trial in said United States District Court and a trial thereof was had on the merits of said cause and resulted in a jury verdict in favor of said plaintiff and against said defendant, Thorpe A. Huntington, in the sum and amount of $500.00, and thereupon judgment was entered in said cause on the 22 day of August, 1940, and appears of record in Minute Book 2, at page 27 of the Minutes of said United States District Court. A copy of said judgment so entered is hereto attached as Exhibit 3 and as a part hereof.

"The cause of action in the present suit is identical with the cause of action involved in said suit in the United States District Court and the subject matter and things sued for are likewise identical. Said judgment so rendered in said suit has not been appealed from, remains unreversed and has never been in any way vacated or annulled, but the same is and remains a final judgment in said cause.

"That the said Thorpe A. Huntington, the defendant in said suit in the United States District Court, is one and the same party as T. A. Huntington described in the declaration herein, and the liability, if any, of this defendant in this action is based solely upon the acts of the said Huntington, and is solely by reason of the existence of the relation of master and servant between this defendant and the said Huntington at the time of the automobile collision in question and is solely and alone by virtue of the doctrine of respondeat superior.

"That the said plaintiff at the time said suit in the District Court of the United States was filed either knew, or, by the exercise of reasonable diligence could and should have known that at the time of said automobile collision the relation existing between this defendant and the said Huntington was that of master and servant, and that the said Huntington in the operation of the automo-

bile involved in said collision was acting within the scope of his authority and in furtherance of the business of this defendant, and said plaintiff at all times prior to the trial of said cause in the United States District Court either had such knowledge, or, by the exercise of reasonable diligence, could and should have had such knowledge and said plaintiff did prior to the trial of said cause in the District Court of the United States have actual knowledge of such fact and did prior to the submission of said cause to the jury in said District Court and prior to the verdict of the jury therein and prior to judgment therein have actual knowledge of such fact.

"That the judgment so rendered in said United States District Court against the said Thorpe A. Huntington has not been satisfied, but the same has at all times since the rendition thereof been collectible, and the said Huntington is and has been at all times since the rendition of said judgment fully solvent and ready, able and willing to pay and discharge said judgment and has repeatedly since. the date of the rendition of said judgment and long prior to the filing of the suit herein offered to pay said judgment, but the plaintiff has at all times declined and refused to accept the satisfaction of said judgment, and said Huntington prior to the filing of the suit herein did offer to make tender of the full amount of said judgment to the plaintiff, but was advised by the plaintiff that such tender would be refused, if made, and that it was wholly unnecessary and useless to make tender thereof.

"And plaintiff, with full knowledge of the facts, and that the said Huntington was acting as the servant of this defendant at the time of said automobile collision, having proceeded to trial and to judgment against the said Huntington, the servant, in said suit in the District Court of the United States, is now estopped by said judgment to prosecute this action against this defendant, the master, based upon the act of the servant and solely upon the doctrine of respondeat superior, and the plaintiff is now barred by said judgment; and having so proceeded has

elected to prosecute her suit and proceed to judgment against the said Huntington, the servant, has thus elected her remedy, and this action against this defendant, the master, based upon the act of the servant and solely upon the doctrine of respondeat superior cannot now be maintained; and the liability of this defendant being wholly derivative and depending entirely upon the doctrine of respondeat superior said judgment is res adjudicata as to the maximum of the liability of this defendant, and said judgment being a collectible judgment the same is res adjudicata here, and this suit cannot be maintained; and this the defendant is ready to verify.''

The issue has been well summarized by one of counsel· in this brief statement: ''The sole and one question here presented is whether the recovery of a valid, collectible judgment against a servant, with full knowledge of all the facts, is a bar to a subsequent action against the master whose liability arises solely and alone by virtue of the doctrine of respondeat superior, and without fault on his own part, the latter action being for the identical act of negligence.''

The term ''joint tort feasors'' means that two or more persons are the joint participants or joint actors, either by omission or commission, in the wrongful production of an injury to a third person. There the act or omission of each is his own act or omission, but the acts or omissions are concurrent in, or contribute to, the production of the wrongful injury, so that each actor is, on his own account, liable for the resulting damages. But when the liability of a principal for the tort of an agent, or that of the master for the wrong of a servant, has grown out of a tort in which the agent or servant is the sole actor, whence the liability of the principal or master is an imputed or constructive liability and has its sole basis in the doctrine of respondeat superior and in nothing else, the liability is joint and several, but they are not joint tort feasors.

And if any elaborations be necessary to fortify the correctness of the statement contained in the foregoing paragraph, a sufficient demonstration may be found in this: The rule is universal, except where modified by statute, that joint tort feasors are not entitled to contribution between themselves or to any recovery over, one against the other; while it is equally well and long settled that an agent or employe, through whose sole wrong the principal or master has been obliged to make compensation to a third person, is liable to the principal or master for such compulsory outlays. 39 C. J., pp. 1313, 1314; 14 R. C. L. 52; 18 R. C. L. 502; A. L. I. Rest. Restitution, Sec. 96; notes 40 L. R. A. (N. S.) 1147 and 1153, 1154; Cooley on Torts (4 Ed.), pp. 292, 293 and cases cited under note 88; 7 Labatt Mast. & Serv. (2 Ed.), p. 8011.

It further follows as a logical legal consequence of what has been said that when the third person, with the full knowledge alleged in the quoted plea, has by suit or action had a recovery against the agent or employe for the wrong committed by the agent or employe as the sole actor in the commission of the wrong, the liability of the principal or master which was solely a derivative of, or a dependency from, and identical with the tort of the agent or servant, becomes merged into the judgment recovered against the agent or servant if that judgment be collectible, for that the wrong has then been legally satisfied and no subsequent or separate action against the principal or master will be allowed.

We have been pointed to no case in this State where, when a collectible judgment has been rendered against the employe who was the sole actor in the wrong, a subsequent action has been attempted against the employer, and apparently such attempts in other jurisdictions have been rare and have met with failure. The only cases which have been called to our attention where that precise situation was involved are Betcher v. McChesney, 255 Pa. 394, 100 A. 124, and Raymond v. Capobianco, 107 Vt. 295, 178 A. 896, 98 A. L. R. 1051; and it was held in both

cases that the second suit is not maintainable. There are a few cases in which the injured person has recovered a collectible judgment against the employer on account of the wrongful act solely of the servant and sought in a subsequent action to recover against the servant for the identical injury, but these second actions were likewise disallowed. One of these is McNamara v. Chapman, 81 N. H. 169, 123 A. 229, 31 A. L. R. 188. In the three cited cases an extensive exposition of the authorities is made. Another is Wolf v. Kenyon, 242 App. Div. 116, 273 N. Y. S. 170, and there are notes on the subject in 54 L. R. A. 649 and 2 L. R. A. (N. S.) 764.

The case upon which appellant chiefly relies is Nelson v. Illinois Cent. R. Co., 98 Miss. 295, 53 So. 619, 31 L. R. A., (N. S.) 689. Appellant presses that case too far. There the sleeping car company and the railroad company had separate obligatory contracts with the passenger, and both these companies were considered as present and participating in the tortious breach of the obligations imposed by law as a result of those contracts—each was liable independently of anything done or omitted to be done by the other. Wherefore the court treated them as joint tort feasors, as the language of the opinion taken by its four corners and giving it a fair, rather than a strained, interpretation, will disclose. To press that case so far as appellant attempts to do here would render it unsound in that it would run beyond definitely established principles too firmly imbedded in the law to be removed by any one case. We must read and interpret that opinion in the light of the precise facts involved and as not intruding upon settled principles, in which connection we must not fail to note the concluding sentence of that opinion. And as said in National Surety Co. v. Miller, 155 Miss. 115, 132, 124 So. 251, 256: "Principles control decision; when the principle is clear and well established, the court applies the facts of each successive particular case as best it can to that principle, and though this may be inaptly or even erroneously done

584

in some detail in one case, that alone and of itself does not overthrow the principle, which lives on as before.''

Appellant relies also to some extent on Illinois Cent. R. Co. v. Clarke, 85 Miss. 691, 38 So. 97, and St. Louis, etc., R. Co. v. Sanderson, 99 Miss. 148, 54 So. 885, 46 L. R. A. (N. S.) 352, and some of the several cases which have cited those cases. In the two cases mentioned, it was held that the exoneration by the jury of the servant who was joined as a defendant in the action cannot be availed of on appeal by the master; and it will be noted that final refuge for the maintenance of that view was taken in what is now Section 3404, Code 1930—a procedural section which is not involved in or applicable to the case now before us. Those cases are not directly in point, and if it may be said that they are persuasively so, or if some of the cases have inadvertently spoken of the liability to third persons of principal and agent or master and servant, which is joint and several, as if making them joint tort feasors, when the wrong was committed solely by the agent or servant and when the liability of the principal or master was solely a derivative of, or a dependency from, the tort of the agent or servant, and rests upon no other foundation, then we say now that such cases, if they are to stand at all, must be henceforth construed within and as not going beyond the principles which we now affirm in the present case—principles which are so deeply, and have been so long, imbedded in the common law that a distinct departure therefrom should belong to the legislative department and not to the courts.

Affirmed.