GULF REFINING CO. *v.* MYRICK.

March 22, 1954

No. 39136 58 Adv. S. 24 71 So. 2d 217

*Welch, Gibbes & Butts,* Laurel; *Harvey L. Strayhan, Wm. R. Harris,* Jackson; *Archie D. Gray, Irwin W. Coleman,* Pittsburgh, Pennsylvania, for appellant.

432

*Quitman Ross, Pershing B. Sullivan,* Laurel, for ap-
pellee.

HALL, J.

· Appellee recovered a judgment for $8,000 against appellant for damages for personal injuries alleged to have been sustained by her when an automobile in which she was riding, and driven by her husband, was struck in the rear by a truck-tractor unit with trailer attached owned by appellant and operated by its employee, H. A. Strother, admittedly in connection with the company's business. The accident occurred on South 13th Avenue in the City of Laurel a short distance north of where it intersects the Ellisville Boulevard, at about 5 or 5:30 P. M.

(1) Suit was brought against H. A. Strother and Gulf Refining Company. The jury returned a verdict against Gulf only and this forms the basis of the first four points argued by appellant which will be considered together. It is contended that the liability of Gulf is based solely on the doctrine of respondeat superior, that the exoneration of Strother by the jury's verdict was necessarily an exoneration of Gulf and made a verdict against it impossible, that the trial court erred in granting to appellee an instruction which authorized a verdict against either of the defendants separately, and erred in overruling appellant's motion for a judgment non obstante veredicto. Numerous authorities from other jurisdictions are cited by appellant which sustain its position, but the decisions in this State favor the appellee.

In the case of Illinois Central Railroad Co. v. Clarke, 85 Miss. 691, 38 So. 97, Clarke brought suit against the railroad company and its engineer for damages inflicted upon him by the wrongful running of a train of cars against him and his vehicle while crossing the railroad track; the railroad company acted only through and by its engineer and codefendant as its servant and agent; the verdict was against the railroad company but it acquitted the engineer from all liability to the plaintiff. On appeal this Court said: "The appellee could have instituted suit for the entire amount of damages which he had suffered against either of the parties, or against both, as he chose to do. Had the verdict been against both, this would neither have lessened nor increased the liability of appellant for the entire judgment. Nor is the fact that the jury, no matter by what motive actuated, failed to find a verdict against appellant's codefendant, in anywise prejudicial to the rights which may exist between appellant and its codefendant, growing out of the subject matter of this suit. Conceding the irregularity of the verdict, and that in fact appellee should have recovered against both, this concession conveys an implied acknowledgment of the rightfulness of the verdict against appellant, and justifies the affirmance thereof, leaving appellant and appellee to settle the existing equities between them as they shall deem best. Because appellee by reason of the whim or sympathy of the jury, was denied a recovery against both who were liable, is no argument why he should be deprived of that which he did obtain. The question here involved, while new in the instance, is not novel in principle. See Knowles v. Summey, 52 Miss. 377; Weis v. Aaron, 75 Miss. 138, 21 So. 763, 65 Am. St. R. 594; Railway Co. v. James, 73 Tex. 12, 10 S. W. 744, 15 Am. St. R. 743."

The above case was followed with approval in St. Louis & San Francisco Railroad Co. v. Sanderson, 99 Miss. 148, 50 So. 885, where a passenger was shot and

killed by a conductor, and, in a suit against both, the jury returned a verdict against the railroad and in favor of the conductor. The Court referred to our statute which is now Section 1988, Code of 1942, and pointed out that the courts of Kentucky, where a similar statute is in effect, have adopted the same rule as that followed in Mississippi.

Both the Clarke and Sanderson cases were followed with approval in Thomas v. Rounds, 161 Miss. 713, 137 Miss. 894, which was a suit against Thomas, the owner of an ambulance, and his servant and driver, for personal injuries inflicted by the negligent operation of the ambulance, the judgment being taken against Thomas alone. The Court pointed out that the plaintiff could have sued Thomas alone and that for the same reason she could take judgment against Thomas alone.

The Sanderson case was also cited with approval and followed in the recent case of Rawlings v. Inglebritzen, 211 Miss. 760, 766, 52 So. 2d 630.

In view of the decisions of this Court on the subject, we do not think the authorities from other jurisdictions are controlling, and that consequently there is no merit in appellant's contention.

(2) Appellant's next two points deal with the action of the trial court in sustaining appellee's objection to the testimony of Dr. H. L. Boone, one of the physicians who had examined her. When Dr. Boone was called as a witness, counsel for appellee stated to the court that they objected to any testimony from him and that appellee claimed her privilege. Counsel for appellant then stated: "If the Court please, I would like to develop my record up to the point where objection by Mr. Ross would be properly interposed." Thereupon, the trial judge sent the jury out and counsel for appellant stated: "If the Court please, I intend to prove by this witness if permitted to testify, that he is a regularly licensed, practicing physician and surgeon in Laurel, Mississippi, and that he had occasion to examine this

plaintiff on the day following this alleged accident; that as a result of that examination a large number of X-ray pictures were taken, that he continued to treat her until the latter part of April when she had sufficiently recovered to be permitted to return to her work, and I merely wanted to show, for the benefit of the jury, that Dr. Boone is here available as a witness, and that he has his records here and is prepared to testify as to his examinations and findings.'' On this statement as to what appellant expected to show by Dr. Boone, the trial judge sustained the objection to his testimony. Appellant now argues that it desired to use Dr. Boone as an expert witness and to have him answer hypothetical questions, but no such statement was made to the trial court.

Under Section 1697, Code of 1942, all communications between physician and patient are privileged and the physician shall not be required to disclose the same in any legal proceeding except at the instance of the patient. Appellee was entitled to object to Dr. Boone's disclosing what he may have learned from his examination of her. Appellant obtained an instruction which told the jury that Mrs. Myrick could waive the statute and permit the doctor to testify either in her own behalf or as an adverse witness, and another instruction which told the jury that the defendants could not compel Dr. Boone to testify over plaintiff's objection and that the jury is warranted in inferring that his testimony would have been unfavorable to plaintiff if he had been permitted to testify. By these instructions, we think that appellant obtained all to which it was entitled in connection with the proffered testimony of the doctor.

(3) Appellant's next contention is that the verdict is contrary to the overwhelming weight of the evidence. We do not think so. The evidence for appellee is that she and her husband were riding north on the Ellisville Boulevard and turned into South 13th Avenue which enters the boulevard at about a 45-degree angle; that

they proceeded a short distance when a Chevrolet car ahead of them signalled to make a left turn onto a side street but had to stop because of southbound traffic; that thereupon Mr. Myrick gave an arm signal for a stop, and in about thirty to forty-five seconds his car was struck from behind by the truck of appellant, operated by its codefendant Strother. Both Mr. and Mrs. Myrick testified that the stop signal was given by him. H. A. Strother, the driver of appellant's truck, and A. G. Shows, another employee of appellant who was riding in the truck, both testified that they were traveling north and overtook the Myrick car at the fair grounds, which was about one-fourth mile south of the scene of the accident, and followed it at a speed of about twenty-five miles per hour at a distance of three or four car lengths behind it until it entered South 13th Avenue, and thereupon Myrick had slowed down to about fifteen miles per hour; that appellant's truck had closed some of the distance between the two vehicles and was then two or three car lengths behind the Myrick car and was traveling also at about fifteen miles per hour; they both admitted that the truck struck the back end of the automobile, but minimized the extent of the blow, and both admitted that Mrs. Myrick said her back was hurt and did not get out of the car, though it was pulled to the side of the street and remained there probably fifteen or twenty minutes. Shows and Strother both testified that the Chevrolet car ahead of Myrick stopped suddenly without signal and that Myrick also stopped suddenly and without signal. Thus it is seen that the evidence was in sharp conflict on the crucial issue as to whether Myrick gave an arm signal for a stop before he was struck, and that issue was submitted to the jury under the instructions of the court. Furthermore, the jury was charged that if Mr. Myrick was guilty of negligence which was the sole, proximate cause of the accident they must find for the defendants, and further that if the driver of some other vehicle was guilty of

negligence which was the sole, proximate cause of the accident, the jury must find for the defendants. We think this was strictly a case for the jury and that the verdict is not against the overwhelming weight of the evidence.

 (4) Appellant contends finally that the verdict is so grossly excessive as to evince bias and prejudice on the part of the jury. Where this question is raised it is usually almost impossible to find any case identically in point as to quantum of damages. However, the record shows, according to appellee's evidence, that she sustained a painful and serious disabling injury from which she suffered over a long period of time. Appellant offered no evidence to dispute the extent of the injuries. The fixation of damages is peculiarly within the province of the jury and we are not authorized to disturb its finding unless we are convinced that it is so grossly excessive as to evince such passion and prejudice on the part of the jury as to shock the conscience. Southern Beverage Co. v. Barbarin, 69 So. 2d 395 (not yet reported in State Reports). We are not so convinced in this case, and the judgment will accordingly be affirmed.

Affirmed.

*Roberds, P. J.,* and *Kyle, Holmes* and *Gillespie, JJ.,* concur.

———

ROBERDS, P. J., separate opinion:

I do not dissent in this case because the cases cited have held that the master may be liable for negligence of the servant even though the jury finds the servant is not negligent. However, it is opportune for me to say that in my opinion such a conclusion violates all logic, reason and common sense.