204 So.2d 479 (1967)
Robert E. LEE
v.
WILEY BUNTIN ADJUSTER, INC.
No. 44612.
Supreme Court of Mississippi.
November 28, 1967.
*480 William S. Turner, Aberdeen, for appellant.
Threadgill & Hicks, Columbus, for appellee.
GILLESPIE, Presiding Justice:
Robert E. Lee, plaintiff below and appellant here, filed suit in the Circuit Court of Monroe County against Indiana Lumberman's Mutual Insurance Company, hereinafter called Insurance Company, and Wiley Buntin Adjuster, Inc., hereinafter called Adjuster. Lee alleged that his automobile was damaged in a wreck, and that Insurance Company had theretofore issued to Lee a policy insuring against collision damage. Lee further alleged that the collision loss was reported to Insurance Company who employed its agent, Adjuster, to adjust the loss; and that Adjuster represented to Lee that arrangements had been made for the automobile to be repaired by a certain automobile repairer and that the cost would be paid by Insurance Company. Lee alleged that he relied upon these representations made by Adjuster as agent for Insurance Company but that neither Insurance Company nor Adjuster paid the repair charges, as a result of which Lee's automobile was seized at the suit of the repairer. Lee demanded damages for the loss of use of his automobile, humiliation, damage to his credit rating and punitive damages, all of which, it was charged by Lee, were the result of the false, fraudulent and deceitful representations of Adjuster.
About six months after the suit was filed Lee moved to dismiss the suit as to Insurance Company with prejudice and an order was entered accordingly. Adjuster then filed its answer which included his "Second Defense" wherein it was alleged that in another suit filed by Lee against Insurance Company in the Circuit Court of Tuscaloosa County, Alabama, Lee had made a full and complete settlement of "substantially the same issues" involved in the present suit. He also alleged that Lee could not recover *481 twice for the same cause of action, because under the doctrine of res judicata the settlement of the Tuscaloosa County, Alabama, case barred further action against Adjuster. In its "Second Defense," Adjuster also alleged that it was agent for Insurance Company at all times mentioned in Lee's declaration and that the dismissal with prejudice as to Insurance Company precluded Lee from further proceeding with the suit against Adjuster. Upon motion of Adjuster, its "Second Defense" was separately heard as provided in Mississippi Code 1942 Annotated section 1475.5 (1956) and the trial court held that the satisfaction of the judgment or settlement of the suit by Lee against Insurance Company in the Circuit Court of Tuscaloosa County, Alabama, barred prosecution by Lee of the present suit against Adjuster under the doctrine of res judicata, and that the dismissal in the present suit of Insurance Company with prejudice operated to release Adjuster. Thereupon this suit was finally dismissed as to Adjuster. Lee appealed.
The first question for our decision is whether the present suit against Adjuster is barred because of the settlement of the suit filed by Lee against Insurance Company in the Circuit Court of Tuscaloosa County, Alabama. Adjuster's "Second Defense" merely alleged that Lee "* * * has made a full and complete settlement of any and all claims against defendant Indiana Lumberman's Mutual Insurance Company involving substantially the same issues involved herein in the Circuit Court of Tuscaloosa County, Alabama." No testimony was taken upon the separate hearing of Adjuster's "Second Defense" and none of the court proceedings in Tuscaloosa County, Alabama, were exhibited to Adjuster's answer and we can only speculate as to what was actually litigated, or what could have been litigated, in the Alabama suit. From the briefs it appears that the suit was filed in Tuscaloosa County, Alabama, on the policy to recover the collision damage to Lee's automobile and that suit was settled. Under the merger and bar aspects of res judicata the present suit is not barred because there was neither identity of parties nor identity in the cause of action. Rawlings v. Royals, 214 Miss. 335, 58 So.2d 820 (1952). Under the collateral estoppel aspect of the doctrine of res judicata a party is precluded from relitigating in a subsequent action a specific issue actually litigated and determined by and essential to the judgment in a former action, even though a different cause of action is the subject of the subsequent action. Lyle Cashion Co. v. McKendrick, 227 Miss. 894, 87 So.2d 289 (1956). The record does not show that any specific issue essential to and actually litigated and determined by the Alabama suit is to be relitigated in the present suit. Accordingly, we hold that it was error to dismiss the suit against Adjuster under the doctrine of res judicata.
The next question for our decision is whether the dismissal with prejudice of Insurance Company constituted a release or discharge of Adjuster. It is alleged in the declaration and admitted in Adjuster's "Second Defense" that Adjuster was acting as agent for Insurance Company. Adjuster relies upon the rule that where principal and agent are liable to a third party for a tort of the agent, a valid release of either principal or agent from liability for the tort operates to release the other, and cites Granquist v. Crystal Springs Lumber Company, 190 Miss. 572, 1 So.2d 216 (1941) and 35 Am.Jur. Master and Servant section 535 and editorial comment contained in Annotation, 92 A.L.R.2d 533 (1963). As stated in 92 A.L.R.2d 533, the rule relied upon by Adjuster is based upon principles applicable to joint tort-feasors, either upon the theory that the damages recoverable for a tort are entire and not severable, or that the injured person is entitled to receive but one compensation for his injury, or upon both. Lee had a right to sue Adjuster and Insurance Company or to sue either of them separately. Gulf Refining Co. v. Myrick, 220 Miss. 429, 71 So.2d 217 (1954). There is no allegation in *482 Adjuster's "Second Defense" that Lee received any compensation for dismissing with prejudice as to Insurance Company. Where one has a claim against two joint tort-feasors he may settle with one and execute a covenant not to sue, or execute a release with a reservation to proceed against the other tort-feasor. If the dismissal as to Insurance Company is the equivalent of a release, the fact that the suit was not dismissed as to Adjuster seems to us a reservation of the right to proceed with the suit as to Adjuster.
In order for a release of one joint tort-feasor to have the effect of releasing the other joint tort-feasor, the satisfaction received by the injured party must be intended to be and must be accepted as full compensation for the damages sustained. Weldon v. Lehmann, 226 Miss. 600, 605, 84 So.2d 796, 797 (1956).
The only question before this Court is whether the suit was properly dismissed as to Adjuster on the issues raised by Adjuster's "Second Defense." We hold it was not, but decide nothing further.
Reversed and remanded.
RODGERS, JONES, BRADY and SMITH, JJ., concur.