I concur with the majority that this case should be affirmed. However, I do this only because the case was tried and the jury was instructed in accordance with the rule laid down in RailroadCo. v. Clarke, 85 Miss. 691, 38 So. 97 (1904).
In Clarke, the Railroad Co. and its engineer were sued for damages. The jury returned a verdict against the Railroad Co. but in favor of the engineer. The Court affirmed and stated that, although the engineer and Railroad Co. were equally liable, the liability was based on different legal principles, the engineer because of his personal trespass, the Railroad Co. because of its failure to discharge a non delegable duty to the public regarding the management of its locomotive. When the Court held that the Railroad Co. was liable because of its failure to discharge a non delegable duty, it was stating in another way *Page 663 
that the Railroad Co. was vicariously liable for the tort of its servant. The vicarious liability of a master has been referred to as imputed negligence, constructive liability and respondeatsuperior, but the liability of the master is the same regardless of the terminology used.
In Railroad Co. v. Sanderson, 99 Miss. 148, 54 So. 885 (1910), the Court added a new reason for affirming recovery against a master for the tort of its servant. The Court held that a verdict for the plaintiff against the Railroad Co., and against the plaintiff in favor of the conductor, although apparently inconsistent, presented no ground for reversal of the judgment against the Railroad Co. in view of Section 4944, Code of 1906 [now Mississippi Code Annotated section 11-3-7 (1972)][1]. These cases have been followed many years, the most recent case being Boutwell Butane Co. v. Smith, 244 So.2d 11 (Miss. 1971).
Section 11-3-37 is properly applied when joint tort feasors are sued. There is a well recognized distinction between "joint tort feasors" and the vicarious liability of a master where the liability of the master is base solely on the negligence of the servant. This distinction was put in its proper perspective by Justice Griffith in Granquist v. Crystal Springs Lumber Co.,190 Miss. 572, 1 So.2d 216 (1941), in the following language:
 The term "joint tort feasors" means that two or more persons are the joint participants or joint actors, either by omission or commission, in the wrongful production of an injury to a third person. There the act or omission of each is his own act or omission, but the acts or omissions are concurrent in, or contribute to, the production of the wrongful injury, so that each actor is, on his own account, liable for the resulting damages. But when the liability of a principal for the tort of an agent, or that of the master for the wrong of a servant, has grown out of a tort in which the agent or servant is the sole actor, whence the liability of the principal or master is an imputed or constructive liability and has its sole basis in the doctrine of respondeat superior and in nothing else, the liability is joint and several, but they are not joint tort feasors. (190 Miss. at 581, 1 So.2d at 218)
The statute should be applied in the case of joint tort feasors because in such cases the separate actions of two or more persons wrongfully produce an injury to a third person. A jury may find that only one of the actors was negligent and thus absolve the others from liability without the verdict being inconsistent. However, the statute should not apply in the case of master and servant, or principal and agent, where the servant or agent is the sole actor. When such servant or agent is acquitted by a jury, there is no rational basis to hold that the master or principal remains liable. When the person whose negligence causes an injury is acquitted, but in the same verdict his employer or principal is held liable, and where the liability of the employer or principal can only arise from the negligence of the person acquitted, such verdict is manifestly unjust. The statute should not be used as a shield against correcting such injustice.
In Granquist, supra, Granquist sued Thorpe A. Huntington the servant of Crystal Springs Lumber Co. in U.S. District Court and obtained a judgment against Huntington for $500. Granquist then sued Crystal Springs Lumber Co. which plead Granquist's judgment against *Page 664 
its servant as a bar in the subsequent action against it. A demurrer to the plea was overruled, Granquist declined to plead further, and his suit was dismissed. On appeal the case was affirmed, and this Court noted that the issue was summarized in the brief of counsel as follows:
 "The sole and one question here presented is whether the recovery of a valid, collectible judgment against a servant, with full knowledge of all the facts, is a bar to a subsequent action against the master whose liability arises solely and alone by virtue of the doctrine of respondeat superior, and without fault on his own part, the latter action being for the identical act of negligence." (190 Miss. at 581, 1 So.2d at 218)
The rule thus obtains in this state that, in actions based solely on the tort of a servant, if the plaintiff recovers against a servant he may not thereafter recover against the servant's employer for the same injury. Two corollaries naturally follow: (1) In actions based solely on the tort of a servant, if the plaintiff recovers against the servant's employer, he may not thereafter recover against the servant for the same injury. (2) In actions based solely on the tort of the servant, if plaintiff fails to recover against the servant, he may not recover against the servant's master for the same injury in the same or a subsequent action.
The second corollary, which is the majority rule in the United States, may be stated as follows: where a master and servant are sued jointly in an action based solely on the tortious conduct of the servant, and the servant is acquitted, there can be no recovery against the master. 53 Am.Jur.2d Master and Servant § 406 at 413, 57 C.J.S. Master and Servant § 619b at p. 421. Numerous cases support the majority rule.
The rationale of Clarke, Sanderson and their progeny has been the subject of criticism by this Court. In Gulf Refining Co. v.Myrick, 220 Miss. 429, 71 So.2d 217 (1954), Justice Roberds, in a separate opinion stated:
 I do not dissent in this case because the cases cited have held that the master may be liable for negligence of the servant even though the jury finds the servant is not negligent. However, it is opportune for me to say that in my opinion such a conclusion violates all logic, reason and common sense. (220 Miss. at 438, 71 So.2d at 220-221)
Since Clarke and Sanderson have been followed for many years, they should not be overturned except prospectively. I dissent to the extent of following these cases in the future and would announce that, in all cases tried after the publication of this opinion, where the liability of the master or principal rests solely on the act of a servant or agent, a verdict for the servant or agent would be a verdict for the master or principal.
PATTERSON, SMITH and ROBERTSON, JJ., join in this dissent.
[1] In all cases, civil and criminal, a judgment or decree appealed from may be affirmed as to some of the appellants and be reversed as to others; and one of several appellants shall not be entitled to a judgment of reversal because of an error in the judgment or decree against another, not affecting his rights in the case. And when a judgment or decree shall be affirmed as to some of the appellants and be reversed to others, the case shall thereafter be proceeded with, so far as necessary, as if the separate suits had been begun and prosecuted; and execution of the judgment of affirmance may be had accordingly. Costs may be adjudged in such cases as the supreme court shall deem proper.