John T. FRAZIER and W. C. Cole, Jr.,
Appellants-Appellees,

v.

Thomas W. BYRD et al.,
Appellees-Appellants.

Supreme Court of Tennessee.

March 29, 1976.

W. J. Reynolds, Reynolds & Deusner, Selmer, R. S. Hardin, Ripley, Miss., for appellants-appellees.

James D. Todd, Waldrop, Hall, Tomlin & Farmer, Jackson, John L. Hopkins, Corinth, Miss., for appellees-appellants.

## OPINION

FONES, Chief Justice.

Frazier and Cole, residents and citizens of the State of Mississippi, filed a complaint in the Circuit Court of McNairy County seeking damages resulting from an accident between two trucks, one owned by Cole and driven by Frazier and the other owned by the Alcorn County Board of Supervisors, District Number Three and driven by Byrd. It was alleged that Defendant Alcorn County Board of Supervisors, District Number Three was a governmental entity of the State of Mississippi and was liable for the negligence of defendant Byrd, an employee, under the doctrine of respondeat superior.

Byrd and Alcorn County Board of Supervisors, District Number Three were served with process through the agency of the Secretary of State.

On September 12, 1974, plaintiffs amended the complaint by adding Alcorn County, Mississippi as a party defendant and by adding the following allegations:

"That Alcorn County, Mississippi is a governmental entity of the State of Mississippi and operates its road system by and through the Alcorn County Board of Supervisors and in this particular instance, District Three and the said Alcorn County Board of Supervisors is a branch, or subdivision, of the said Alcorn County, Mississippi, and defendant, Thomas W. Byrd was acting as agent and/or employ-

ee for said Alcorn County Board of Supervisors and Alcorn County, Mississippi and was acting within the scope of his employment as a truck driver at the time of the accident complained of herein."

The summons issued for service on Alcorn County was mailed to defendant, "Board of Supervisors, whose address is Alcorn County Courthouse, Corinth, Mississippi," according to the endorsement of the Secretary of State.

On October 29, 1974, the trial judge entered an order entitled "Default Judgment." The order recited, in part, that on motion of plaintiff for default judgment against the defendants Alcorn County Board of Supervisors, District Number Three and Alcorn County, Mississippi, it appearing that all parties were before the Court and that the Court had jurisdiction of the matter and that said defendants having failed to file an answer, a default judgment should be entered and the cause set for hearing ex parte. The order further recited that on motion of the plaintiff, a jury was waived, the court heard proof on the issue of injuries and damages, and awarded plaintiff Frazier the sum of $20,000 and plaintiff Cole the sum of $14,750 against both defendants.

The technical record contains an answer on behalf of defendant Byrd filed on September 17, 1974, wherein he admits that he is an employee of Alcorn County Board of Supervisors, District Three, Alcorn County, Mississippi. He admits that the accident occurred at the time and place alleged but denies that he was guilty of any negligence.

The technical record does not reflect any further proceedings with respect to defendant Byrd. The reply brief on behalf of Frazier and Cole contains the following recitation on page four:

"Subsequent to the entering of the Default Judgment against Alcorn County, Mississippi, thereafter on the same date, October 29, 1974, the cause came on to be heard before a jury as to the case against Defendant Byrd and Plaintiff Cole was awarded the sum of Five thousand ($5,000.00) Dollars and Plaintiff Frazier, the sum of Seven thousand, five hundred ($7,500.00) Dollars against the Defendant Byrd, which judgments have now been paid. After payment of the aforesaid sums, the judgment in favor of W. C. Cole remaining outstanding is in the amount of Nine thousand seven hundred fifty ($9,750.00) Dollars and a judgment in favor of John T. Frazier in the sum of Twelve thousand five hundred ($12,500.00) Dollars, which has not been paid."

On February 13, 1975, plaintiffs issued execution directing the sheriff to levy upon the goods and chattels of the defendants and the sheriff's return dated February 21, 1975, recites the seizure of six (6) trucks owned by defendant Alcorn County, Mississippi.

The copy of the execution issued by plaintiff Cole in the technical record shows a judgment of $9,750 and the execution issued by plaintiff Frazier recites a judgment of $12,500. Thus the technical record shows Cole's judgment against the Alcorn County defendants has been reduced or credited with a payment of $5,000 and Frazier's judgment reduced or credited with a payment of $7,500.

We therefore accept as true the admission of the plaintiffs dehors the record that the servant Byrd has paid in full the judgments rendered against him in the respective amounts stated.

On February 24, 1975, defendant Alcorn County, Mississippi, entering an appearance in the cause for the first time, filed two motions: (1) to quash the executions and (2) to set aside the judgment against Alcorn County, Mississippi.

The trial judge overruled the motion to set the judgments aside but sustained the motion to quash the executions and ordered the release of the six trucks. Both parties perfected direct appeals to this Court.

We must pretermit the several rare and interesting questions this case presents. The payment in full of the judgments rendered in favor of plaintiffs against the servant discharges the master, whose liability is derivative only, and renders moot issues

**154**

involving the validity of judgments against the master.

That conclusion has its foundation in the following rationale:

". ' . ᴧ . where the servant by whose act the injury occurred is exonerated it is contradictory and absurd to find the master guilty on the same evidence; that the servant's liability is primary, that of the master secondary, or derivative, depending wholly on his duty to respond for the fault of his servant in the line of his employment, in the nature of a suretyship; that when the relations between the two are left undisturbed, the master has the right to recover over against the servant for any liability imposed upon the former by the misconduct of the latter, but if the latter be exonerated in an action between him and the injured person, this *status* is destroyed, and the master prevented from such recovery." *Loveman Co. v. Bayless*, 128 Tenn. 307 at 315 160 S.W. 841 at 843 (1913).

■ The doctrine of respondeat superior makes the master liable to the same extent as the servant, but also restricts the liability of the master to the amount of damages recoverable from the servant. *See Granquist v. Crystal Springs Lumber Co.*, 190 Miss. 572, 1 So.2d 216 (1941); 141 A.L.R. 1169; *Craven v. Lawson*, Tenn., 534 S.W.2d 653, released January 26, 1976, Eastern Division.

■ It was erroneous for the trial judge to enter judgments against the two Alcorn County, Mississippi defendants for any sum in excess of the judgments rendered the same day against the servant Byrd. The payment of the judgments by the servant Byrd fully satisfies a judgment or other liability of the two Alcorn County defendants, if indeed said judgments were otherwise valid.

Affirmed in part, reversed in part, decree accordingly.

Costs of this appeal are adjudged against Frazier and Cole.

COOPER, HENRY and HARBISON, JJ., and DYER, Special Justice, concur.