ILLINOIS CENTRAL RAILROAD COMPANY *v.* THOMAS E. CLARKE.

MASTER AND SERVANT. *Trespass. Verdict against master. Acquittal of guilty servant.*

Where a master and his servant were jointly sued in trespass for the acts of the servant, a verdict, rightfully convicting the master, but wrongfully acquitting the servant, should not be set aside on motion of the master because of the acquittal of the servant.

FROM the circuit court of Grenada county.

HON. WILLIAM F. STEVENS, Judge.

Clarke, the appellee, was plaintiff in the court below, and
the railroad company, the appellant, and one John Lewis, were

defendants there. Lewis was a locomotive engineer of the rail-
road company, and the action was in trespass for damages in-
flicted on the plaintiff by the wrongful running of a train of
cars against him and his vehicle while crossing the railroad
track; the railroad company acted only through and by its co-
defendant Lewis as its servant and agent. The verdict was in
plaintiff's favor and against the railroad company, but it ac-
quitted defendant Lewis from all liability to the plaintiff. From
a judgment based on said verdict the appellant railroad com-
pany appealed to the supreme court.

*Mayes & Longstreet,* and *J. M. Dickinson,* for appellant.

The verdict of the jury in fixing a liability on the railroad
company and in excusing the engineer, Lewis, from recovery
was an exoneration of the railroad company; and if it were
not an exoneration of the railroad company, and if on the
facts this court should hold that plaintiff had a right to recover,
then the verdict of the jury, having been returned against the
Illinois Central Railroad Company alone, was against the law
and the evidence. In support of this proposition, we desire to
say to the court, first, that if there was any liability on the
railroad company in this case, it was a technical liability on
the theory that liability could only be fastened on the railroad
company through the medium of the alleged wrongful action of
the engineer.

The right of the plaintiff against the railroad company was a
derivative one, derived through the alleged wrongful action on
the part of Lewis. There is no pretense anywhere in the record
that the railroad company, or the principal, as such, was guilty
of any wrong here. The whole cause of action is based on the
alleged negligent, willful, and wanton acts of the engineer.
So true is this, and so strongly did the plaintiff below endeavor
to show that the engineer had acted without due regard to the
rights of plaintiff, that he obtained from the court an instruc-

tion that punitive damages were warranted in the case if the acts of the engineer were willful, wanton, and reckless.

This was an action against both the company and the engineer, and if the engineer was without fault, there could be no recovery against the company, and yet the jury in their verdict excused the engineer and rendered a verdict against the company for the whole recovery.

In order to illustrate this proposition in its strength and entirety we desire to say to the court that this is preëminently a case where if any recovery could be had against the railroad company on the doctrine of *respondeat superior* the railroad company in this instance had it not been for the verdict of the jury could recover from the engineer any loss to which it may be subjected by reason of this suit and his wrongful conduct.

It is true that as a rule there is no contribution between tort feasors, but this rule has its exception, and that exception is exemplified in the case at bar and is one supported by the great weight of authority.

For instance, it has been asserted that "where the employer has been subjected to liability by the act of an employe he can recover indemnity from the guilty servant." *Smith* v. *Foram,* 43 Conn., 244 (s.c., 21 Am. St. Rep., 647); *Grand Trunk Railroad Co.* v. *Latham,* 63 Maine, 177; *Lowell* v. *Boston,* 34 Am. Dec., 33.

And especially is the rule stated in the recent cases of *Warax* v. *Railroad Co.,* 73 Fed. Rep., 637, 641; *Helm* v. *Railroad Co.,* 120 Fed. Rep., 389; *Brewing Co.* v. *Phybylski,* 82 Ill. App., 361, 367.

In all these cases it is held that the general doctrine that there is no contribution between tort feasor is not applicable where the wrong was wholly occasioned by the act of the employe without the actual knowledge and participation of the principal, and that where this condition is true the principal may recover over against the employe, and yet in this case, where it was not possible for any liability to be visited on the pricipal, the Illinois

Central Railroad Company, except through the employe and his wrongful acts, in a suit against both the jury exonerates the employe and returns a verdict against the principal.

The question is one of original impression in this court, and is one not altogether covered precisely by precedent, that we have been able to find. But it is only because a finding of this sort, under a statute like ours, which warrants, in a suit against two defendants, a verdict against one and an exoneration of the other, has not been found elsewhere.

If the judgment in this case was *res adjudicata,* and of this we have some doubt, Lewis could plead his acquittal by the jury in bar of a suit by the company against him to recover for this loss imposed upon it by his alleged willful and wanton action.

*Wm. C. McLean,* for appellee.

Appellant's counsel ingeniously argues that this case ought to be reversed because the engineer was exonerated by the verdict of the jury, and that since the evidence shows that both engineer and railroad company were jointly and severally liable, therefore the verdict was wrong. It is evident from the amount of the verdict that the jury did not believe that there was any willful or intentional wrong upon the part of the engineer, and consequently the verdict in exonerating the engineer can be explained upon the idea that the jury thought that the engineer would not be liable unless he was guilty of willful or wanton injury. The authorities are very much divided upon the proposition as to whether the defendants were jointly or severally liable. The authorities cited by counsel in his brief do not at all bear out his contention. In *Helm* v. *Railroad Co.,* 120 Fed. Rep., 389, it was held that the action was not joint, but several, and that consequently a separable controversy arose so as to justify the removal of the cause to the federal court. In *B. B. Co.* v. *Loseneick,* 82 Ill. App., 361, it was specifically held that a joint action could not be sustained against master and servant when the master is liable only upon the doctrine of the *respondeat*

*superior.* In *Warax* v. *Railroad Co.,* 72 Fed. Rep., 637, it is held that while the master is liable for the act of the servant solely for the relationship between them upon the doctrine of *respondeat superior,* and not by reason of any personal share upon the part of the master in the wrongful act, the master is liable severally, and not jointly, with the servant. The act of the servant in that case was misfeasance, and not nonfeasance, and consequently the cause was not joint and hence removable. In *Railroad Co.* v. *Latham,* 63 Maine, 180, was a case where the conductor treated wrongfully a lady passenger, and the court stated that "every servant is bound to take due care of his master's property intrusted to him." In *Smith* v. *Foram,* 43 Conn., 244, the goods were intrusted to the master for transportation. The servant injured them, and hence liable to the master, because the master has special interest in the goods. It will, therefore, be seen from the above authorities, which are the ones relied on by appellant, that where the servant is not guilty of misfeasance, as contradistinguished from nonfeasance, the action should not be joint, but several. If this is true, it then follows if the jury believe that the engineer was not guilty of a willful or wanton act, then the engineer was not liable to the plaintiff, and consequently the verdict exonerating the engineer was proper.

Under our statute different verdicts and judgments can be rendered against different defendants, and the fact that the judgments are not the same is not error. Code 1892, § 752. Sec. 4378, Code 1892, specifically says: "One of several appellants cannot be entitled to a judgment of reversal because of error in the judgment or decree against another not affecting his rights in the case." It is unnecessary to cite authorities to the proposition that one defendant cannot complain of errors committed against or in favor of his co-defendant. *Weis* v. *Aaron,* 75 Miss., 138, specifically holds that this statute is applicable to all cases where the judgment below is not absolutely void. 3 Cyc., 235.

Plaintiff would have the right to complain of failure of the jury to give him a verdict against the engineer, but upon what grounds has the railroad company the right to complain that the jury failed to find a verdict against the engineer? In what shape, manner, or form does that affect the right of the railroad company? The judgment in this case, as between engineer and appellant, is not *res adjudicata,* because there was no issue between them, as to and between them the suit was a mere by-play. As between the plaintiff and the engineer, it is conclusive, but not so between the defendants. There was no suit in issue between them; as to and between them the suit was a mere byplay. allies. The rule is well settled that as between the engineer and the appellant the judgment in the lower court was not *res adjudicata.* 2 Black on Judgments (2d ed.), sec. 599; 24 Am. & Eng. Ency. Law, 731, 732.

A case on all fours with the case at bar is *Railway Co. v. James,* 73 Tex., 12. That was a suit brought against the railroad company and three of its officers. They were sued on a joint cause of action, and the gravamen of the suit was a malicious prosecution. The railroad company could only have been held liable because of the misfeasance or malice of its officers, and yet the verdict of the jury in that case exonerated the servants or officers, and found a judgment against the master, the railroad company. The point was specifically pressed, as here, that since the suit was a joint one, that since the servants were exonerated, it *ipso facto* operated as a release to the master. But the Texas court held that although apparently the verdict was inconsistent, it presented no grounds for a reversal. We submit that the only question before this court is this: Was the plaintiff injured by reason of negligent act of the defendant or any of its servants? If so, the judgment should be affirmed; if not, it should be reversed. In other words, the question is this: Are the plaintiffs to be denied their just rights because the jury failed to do its duty in failing to award a verdict against another party equally responsible?

Argued orally by *J. C. Longstreet,* for appellant, and by *W. C. McLean,* for appellee.

TRULY, J., delivered the opinion of the court.

We cannot perceive that the appellant has any grounds of complaint on account of the failure of the jury to include in the verdict its co-defendant. Assuming that both the railroad company and its employe and co-defendant, the engineer in charge of the engine causing the damage, were equally liable; assuming, further, that they were jointly liable—the right of action which the appellee had was both joint and several, and each defendant was liable for the whole damage. Though equally liable, their liability was based on distinct and different legal principles—the engineer, because of his personal trespass; the railroad company, because of its failure to discharge its non-delegatable duty to the public regarding the custody and management of its dangerous instrumentalities. The appellee could have instituted suit for the entire amount of damage which he had suffered against either of the parties, or against both, as he chose to do. Had the verdict been against both, this would neither have lessened nor increased the liability of appellant for the entire judgment. Nor is the fact that the jury, no matter by what motive actuated, failed to find a verdict against appellant's co-defendant, in any wise prejudicial to the rights which may exist between appellant and its co-defendant, growing out of the subject-matter of this suit. Conceding the irregularity of the verdict, and that in fact appellee should have recovered against both, this concession conveys an implied acknowledgment of the rightfulness of the verdict against appellant, and justified the affirmance thereof, leaving appellant and appellee to settle the existing equities between them as they shall deem best. Because appellee by reason of the whim or sympathy of the jury, was denied a recovery against both who were liable, is no argument why he should be deprived of that which he did obtain. The question here involved, while new in the instance, is not novel in princi-

ple.   See *Knowles* v. *Summey,* 52 Miss., 377; *Weis* v. *Aaron,*
75 Miss., 138 (21 South. Rep., 763; 65 Am. St. Rep., 594);
*Railway Co.* v. *James,* 73 Tex., 12 (10 S. W., 744; 15 Am. St.
Rep., 743).

*Affirmed.*