Thomas *et al.* *v.* Rounds.

(Division B. Dec. 7, 1931.)

[137 So. 894. No. 29609.]

Sam. C. Cook, Roberson & Cook and Greek P. Rice, all of Clarksdale, for appellant.

**W. W. Venable** and **Maynard, Fitzgerald & Venable,** all of Clarksdale, for appellee.

Argued orally by **Lake Robinson** and **Greek P. Rice,** for appellant, and by **Webb Venable**, for appellee.

**Griffith, J.,** delivered the opinion of the court.

An ambulance belonging to appellant, Thomas, was being driven in and about appellant's business by his servant upon and along a paved street in the town of Shelby about dark at a rate of speed of approximately forty-five miles an hour. In swerving around a wagon or wagons, the said ambulance struck appellee, who was attempting to cross said street at an intersection, and she was hurled a distance which an eyewitness estimates at thirty-five yards. She was picked up apparently dead. Her right leg was broken in two places, two ribs were broken, four teeth were knocked out, and numerous other serious injuries from head to foot were found to be present. She lingered for more than two months, and, although she has now recovered sufficiently to be out of bed, the testimony is undisputed that she is a physical wreck, and that she will never again be able to do any work of any consequence, that her earning capacity is substantially, if not completely, destroyed.

Four days after said injury, appellant, Thomas, having gained access to the bedside of the victim, procured her signature, as he says, to a full release for the sum of one hundred dollars. This money was paid, not to her, but to her physician, who says that she had told him to get what he could for her, although he admits, to use his own language, that at the time "she was pretty badly torn up," and in effect he further admits that he then

thought she was going to die. Nevertheless he says that, this offer having been made, he accepted it. He admits that he turned no part of the money over to her, but used part of it for drugs, part for rent, and the remainder he does not know what he did with it. Appellee, the wounded woman, states that she was unconscious during all those times, and has no memory of any release nor for some days of anything else, whether of this or any other alleged happening. The circuit judge excluded said release from the jury, and his action in so doing is assigned as error.

That the circuit judge was not in error, but was eminently right, nothing more than a statement of the foregoing facts is necessary to show. Applying the common knowledge that belongs to all men, he knew, as all men know, that any such a release, for any such a pitiful sum, obtained within the said four days when the victim was suffering with such grievous injuries then so lately inflicted, was no contract; and that rationally in the very nature of the surroundings any pretense of such a contract was but a travesty and an unconscionable attempt to take an undue advantage of the sufferer. There was nothing here upon which just and reasonable men might differ, and therefore nothing to submit to the jury on such an utterly indefensible and unsustainable asserted release. And there was no ratification here, which has served so often in the past to save, and the only thing which could save, these unconscionable pretended settlements, as, for instance, in Whittington v. H. T. Cottam Co., 158 Miss. 847, 130 So. 745.

The remaining assignment of error is that the judgment was entered only against appellant, Thomas, and not against his servant, the driver of the ambulance, who was jointly sued with said appellant. Tort-feasors are jointly and severally liable, and they are not entitled to contribution between themselves. Appellee therefore could have sued appellant, Thomas, alone, and for the

same reason may, as she did, take judgment alone against him. The doctrine in its practical application, in the matter of the entry of judgments, has been carried even further than is here involved, as may be seen in Illinois Cent. R. Co. v. Clarke, 85 Miss. 691, 38 So. 97, and in St. Louis & S. F. R. Co. v. Sanderson, 99 Miss. 148, 54 So. 885, 46 L. R. A. (N. S.) 352.

Affirmed.