RAWLINGS, et al. *v.* INGLEBRITZEN.

Division A. May 21, 1951.

No. 37977 (52 So. (2d) 630)

Gerald Adams and M. V. B. Miller, for appellants.

**Parker & Williamson,** for appellee.

Ethridge, C.

Appellee, Mrs. Bessie Inglebritzen, obtained a judgment for $5,000.00 in the Circuit Court of Lauderdale County, Mississippi, against appellants, Mrs. Alice Rawlings and Mrs. O. L. (Beverly) Rawlings, for personal injuries received by appellee while riding in a taxicab owned by Mrs. O. L. Rawlings and operated as part of the taxi business of Mrs. Alice B. Rawlings.

■■ This taxi company of Mrs. Alice B. Rawlings was an individual organization which furnished to individual owners of cars terminal, telephone, and central office facilities for a fee of $2.25 per day. The several taxicabs used in the business were owned by individuals who selected their own drivers, who were paid a commission for their services from the fares collected. The owner of the cab company, Mrs. Alice B. Rawlings, and the owner of the cab involved in this collision, Mrs. O. L. Rawlings, were jointly engaged in the business of furnishing taxi service to the public. Cumberland was

the driver of the taxi in question. On the night of February 2, 1949, appellee, who had known Cumberland for some time, left a picture show in downtown Meridian shortly after nine o'clock and went to a call station of appellants for the purpose of calling a taxi to go home. About that time Cumberland drove by in his cab and advised appellee that he would drive her home. He and she both testified that she entered the cab as a passenger. After they had driven a short distance, Cumberland advised her that he had a call to meet a passenger at the Friendly Tavern, a place located about three miles from appellee's home, and he requested appellee to ride out there with him to pick up the passenger. They drove to the tavern, the passenger was not there, so appellee got out of the taxi with Cumberland, went inside and drank a coca-cola. She testified that they stayed there about thirty minutes, but some witnesses for appellants testified that appellee and Cumberland were there for about two hours, dancing and talking. The taxi company's telephone operator located Cumberland at the Tavern, and told him to go to Burwell Springs several miles away, to pick up a passenger. Appellee testified that Cumberland requested her to ride there directly with him so that he could take a short-cut and she agreed to do so. When Cumberland and appellee left the Friendly Tavern, Edward B. Weathers rode with them as Cumberland's guest. At Burwell Springs they picked up John Hickman, who admittedly was exceedingly drunk. After they had picked up the passenger Hickman, Cumberland drove the taxi east on old Highway 80 toward Meridian. They were several miles west of the city. It was about 11:20 P. M. Coming west on the same highway was a car driven by Dennis Terry, who was under the influence of intoxicating liquors at that time. Both cars were coming around a curve toward each other when Terry's car failed to make the turn, drove for about fifty feet on the wrong (or Cumberland's) side of the road and collided with appellants' taxi. At the point

of collision the taxi's right front wheel was about one foot off the right side of the highway. The highway patrolman who arrived about ten minutes after the accident occurred testified that the taxi's tires had skidded, apparently as a result of brake pressure, for about 10-12 feet before the collision. Both cars were driving about 40 to 45 miles per hour. The collision occurred about 50-60 feet east of the east end of a bridge which had just been crossed by the taxicab. Appellee and Weathers were sitting on the front seat with the driver of the taxi, Cumberland, and the passenger Hickman was sitting in the back seat. Cumberland and appellee testified that when the collision occurred, he was taking her to her home, after having gone to Burwell Springs to get Hickman. Appellee was severely injured.

The theory of appellee's case was that she was a passenger; that Cumberland, the taxi driver, was not keeping a proper lookout ahead, nor keeping the taxi under proper control when meeting the automobile driven by the defendant Terry; that it was apparent or should have been apparent to Cumberland that Terry was driving his approaching car in a negligent and careless manner, zigzagging from one part of the road to the other; that Cumberland negligently failed to slow his car down or to stop or to turn it in such a way as to avoid colliding with the Terry car, and that this negligence was a contributing, proximate cause of appellee's injuries. Appellants contend that there was no evidence to indicate to Cumberland the likelihood of collision with the Terry car or any reckless driving by Terry until Terry turned directly into him at about 50 feet from the point of collision; that Cumberland was driving with due care, and that he did everything he reasonably could to avoid the collision, by turning to the right and putting on his brakes; that Cumberland was guilty of no negligence, and even if he was, it was not a proximate cause of appellee's injuries, the sole proximate cause being Terry's negligence; that appellee was not a passenger but a guest

of Cumberland; and that the trial court erred in over-ruling their motion for a peremptory instruction, and for a new trial. The circuit court gave a peremptory instruction for appellee against defendant Dennis Terry. The jury returned a verdict against Mrs. Alice B. Raw-lings and Mrs. O. L. Rawlings, and Lucille Lake Terry, wife of Dennis Terry and an owner of the car driven by Dennis Terry. No verdict was returned against defend-ant Cumberland, the driver of the taxi, but that does not affect this appeal. Miss. Code 1942, Sec. 1988; St. Louis & S. F. R. Co. v. Sanderson, 1911, 99 Miss. 148, 54 So. 885, 46 L. R. A., N. S., 352. The Terrys do not appeal.

We have considered carefully the record and briefs and conclude that the case must be reversed and re-manded for a new trial for two reasons, because the verdict of the jury was against the great or overwhelming weight of the evidence, and because of an erroneous instruction granted appellee.

Since this case must be tried again, we refrain from any detailed discussion of the evidence, other than to indicate some of its major obscurities and deficiencies in failing to support the verdict. The plaintiff's case was based upon the alleged negligent failure of Cumberland, the taxi driver, to keep a proper lookout, to see Terry's car zigzagging, and to then take reasonable precautions to avoid the collision. In 60 C. J. S., Motor Vehicles, Section 317, the governing rule is stated as follows:

"Where motor vehicles pass each other while proceed-ing in opposite directions, the driver of each vehicle may rely somewhat, but not entirely, on the other's exercise of due care. The right of a motorist to assume that the driver of a vehicle proceeding in the opposite direction will obey the law of the road is not absolute and may be qualified by the particular circumstances existing at the time, such as the proximity, position, and movement of the other vehicle, and the condition of the road as to the usable width and the like. It has been held that a motorist may not be entitled to assume that

drivers of approaching vehicles will keep their cars under constant control and will always obey traffic laws, and a motorist seeing a vehicle approaching in a position where, if such position is not changed, danger will ensue may not just sit silently and rely on the other party to do the thing required to avoid the accident.

"A motorist's right to assume that the driver of a vehicle proceeding in the opposite direction will obey the law of the road exists only until he knows or, in the exercise of ordinary care, should know otherwise. Accordingly, ▉▉ he may rely on the assumption that the driver of a vehicle approaching on the wrong side of the road will turn to his own right side in time to avoid danger, and that a vehicle approaching on its own right side of the road will remain on that side, until, and only until, he sees or, in the exercise of due care, should see that the driver of the approaching vehicle will not do so, as where it becomes apparent that the driver of the approaching vehicle is unable seasonably to turn into the right side of the road and avoid the danger."

▉▉ Appellee, Cumberland, Weathers, and Hickman testified about the collision, as well as the highway patrolman who arrived ten minutes after the accident and observed certain tire tracks of the two cars. The burden of proof was on the appellee to prove her case by a preponderance of the evidence and this she failed to do. The physical facts showed that Cumberland had skidded his tires for 10-12 feet in trying to stop, and had begun turning off of the road onto the shoulder when Terry hit him almost head-on. In fact, on the crucial issue of whether Terry was driving his car in such an apparently reckless, zigzagging manner that Cumberland had time and space to take action to avoid a collision, the great weight of the evidence indicates that the collision occurred almost immediately after Terry's reckless driving became apparent when he cut over on the wrong side of the road at not more than fifty feet from the point of collision.

Those items of testimony which might indicate otherwise are obscure and vague. Appellee's evidence does not show the width of the bridge over which the taxi crossed prior to the collision; the surface condition of the road; whether the night was dark or bright; whether there was any traffic on the road other than the two cars which collided; the approximate distance of Terry from the taxi at which it became apparent to the witnesses that Terry's car was being driven recklessly and the then location of the taxi; the distance at which drivers of approaching cars coming around the curve at night can ascertain whether one is driving recklessly; and at what point in the approach of the two cars Cumberland jammed on his brakes and turned to the right. All of these factors are either indefinite or slighted in the record, and where not omitted, the great weight of the evidence supports appellants' version. As was said in Collins v. McLain, Miss. 1949, 40 So. (2d) 183, 184, "Perhaps, on a new trial the obscure and vague condition of the testimony, which, as stated, it was appellee's duty to make clear to the degree of preponderance, may be cleared up." The present verdict is manifestly against all reasonable probability and does not respond to the evidence produced. Montgomery Ward & Co., Inc., v. Windham, 1944, 195 Miss. 848, 16 So. (2d) 622, suggestion of error overruled, 1944, 195 Miss. 860, 17 So. (2d) 208; Redditt v. Hughes, Miss. 1949, 39 So. (2d) 861; 3 Am. Jur., Appeal and Error, Secs. 887, 890; 39 Am. Jur., New Trial, Secs. 129-139; 5 C. J. S., Appeal and Error, Sections 1649, 1673; 2 Mississippi Digest, Appeal and Error, 1003.

We think there was enough evidence to go to the jury on the issue of whether appellee was a passenger or a trespasser in appellants' taxicab, but, of course, that does not eliminate the necessity of a properly supported finding of negligence by Cumberland.

The trial court gave the following instruction: "The Court instructs the jury for the plaintiff that it was the duty of both the defendants, Dennis Terry and

T. L. Cumberland when they were about to meet each other, to have turned their cars to the right of the center of the road so as to have passed each other without interference. And the court further charges the jury for the plaintiff, that if you believe from a preponderance of the evidence that plaintiff's injury was caused by either of the defendant's Dennis Terry and T. L. Cumberland's negligence in failing to turn to the right of the center of said road, then you should find for the plaintiff against such defendant or defendants in such damages that you may believe from a preponderance of the evidence has been sustained." However, the court also gave the following instruction: "The Court instructs the jury for the defendants, the Rawlings, that you must find a verdict against the defendant, Dennis Terry, and find further that he was driving an automobile while intoxicated, and that he drove same on the wrong side of the highway and ran into the car being driven by Cumberland while said car was on Cumberland's right hand side of the road." Appellants properly complain of the first quoted instruction. The peremptory instruction against Dennis Terry eliminated him from consideration, and as the court indicated therein, there was no evidence whatever to show that Cumberland was on his left side of the road, although the above instruction authorized the jury to so think. An instruction must be based upon the evidence, and one which is not applicable to the facts of the case is erroneous and should not have been given. Jones v. Dixie Greyhound Lines, Inc., Miss. 1950, 50 So. (2d) 902. Moreover, the first quoted instruction conflicts with the second. For these reasons, the first quoted instruction was erroneous.

Reversed and remanded.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated the judgment of the court below is reversed and remanded.