244 So.2d 11 (1971)
D.W. BOUTWELL BUTANE COMPANY
v.
Vicki Carol SMITH, a Minor, now Vicki Carol Smith Purvis, by her Father and Natural Guardian, Bill E. Smith, as her Next Friend.
No. 46052.
Supreme Court of Mississippi.
February 8, 1971.
Satterfield, Shell, Williams & Buford, Cary E. Bufkin, Jackson, for appellant.
Osborn G. Idom, Dannye L. Hunter, Forest, for appellee.
JONES, Justice:
This automobile accident case, with, as usual, controverted facts necessitating jury decision, comes here from the Circuit Court of Scott County.
A detailed resume of the facts is unnecessary to understand the decision herein, and we shall limit the statement of the facts to those we think essential to an understanding of the case.
*12 A truck belonging to D.W. Boutwell Butane Company and driven by the company's employee, Mr. Richie Myers, was delivering gas to a customer. It was necessary for the truck to turn left across the lane of travel for cars going in the opposite direction, and it was while he was crossing this lane, that a car driven by a young lady, Miss Mindy Chambers, accompanied by her friend, Vicki Carol Smith, ran into the side of the truck. Both of the young ladies in the car were high-school students. Miss Smith received an injury to her forehead necessitating considerable treatment including principally plastic surgery. It was shown that there would be permanent scars and that there remained, at the time of trial, other pastic surgery to be done. Total expenses were over $1,700, medical, hospital, doctors, etc.
The driver of the truck testified he did not see the car driven by the young lady until it was under his truck. The evidence, including pictures, showed that he should have seen it some distance away.
The jury returned a verdict for $15,000 against the Butane Company, but the driver of the truck, who was also sued, was exonerated.
Appellant assigns as error and argues:
(1) That the company was entitled to have its motion for a judgment notwithstanding the jury verdict sustained because the driver of the truck, on whose negligence the company's liability depended, was exonerated and since the jury found the driver was not negligent, the company could not be responsible. This question has been settled by Mississippi Law for decades.
Our Court, in a number of cases, has held that where the employee is exonerated and the master held liable, the case will not be reversed for that reason alone. They were decided under what is now Section 1988, Mississippi Code 1942 Annotated (1956) and in the Code of 1892 appears as Section 4378. This statute has not been changed since the first of our decisions many years ago, and provides, among other things:
[A]nd one of several appellants shall not be entitled to a judgment of reversal because of an error in the judgment or decree against another, not affecting his rights in the case.
Illinois Central Railroad Co. v. Clarke, 85 Miss. 691, 38 So. 97 (1904); St. Louis & San Francisco Railroad Co. v. Sanderson, 99 Miss. 148, 54 So. 885 (1910). There are many other cases so holding, and since the legislature has permitted the statute to remain as it was in the face of these decisions, we deem ourselves bound to follow the cases we have heretofore decided.
(2) Appellant says it was entitled to an instruction, either finding the plaintiff guilty of comparative negligence as a matter of law or submitting the question to the jury for decision because appellee was not availing herself of the seat belt which was attached to the front seat of the car as required by Section 8254.5, Mississippi Code 1942 Annotated (Supp. 1968). The only evidence on this matter is the testimony of the appellee who admitted the belts were there and that she understood that if the belt were "properly" adjusted they might contribute to her safety. This was merely a conclusion of the young lady unsupported by any evidence or facts.
It will be noticed that the statute in question provides for the cars released after a certain date to be equipped with safety belts but it does not require the occupants to use them. There are many factors to be considered as to their use. So many questions as to the efficacy of seat belts remain unanswered that we are unwilling now to lay down a rule that the failure to use them is negligence.
(3) It is argued that the case should be reversed because one or two of the instructions given for the plaintiff placed mandatory duties upon the driver of the Butane *13 Company's truck higher than reasonable care. The Court has studied all of the instructions given and after long consideration of the instructions as a whole, we cannot say that the defendant was prejudiced.
Of course there was a duty upon the truck driver to exercise reasonable care. However the testimony in which he stated that he did not see the girl's car coming from the opposite direction until the car was right under him indicates to us that he did not exercise reasonable care.
(4) Complaint is made as to an instruction on damages, but we cannot say that this instruction was prejudicial. The evidence clearly establishes that she suffered damages, and we do not consider the verdict excessive. If this were a close case on liability, the instructions would probably cause concern. However, with the proof as it is, Rule 11 of this Court is particularly applicable. Rule 11 reads as follows:
No judgment shall be reversed on the ground of misdirection to the jury, or the improper admission or exclusion of evidence, or for error as to the matter of pleading or procedure, unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice.
(5) The next argument is that the verdict is so excessive as to evidence bias and prejudice. The jury thought that the amount of the verdict was what she was entitled to. The judge of the lower court approved it. As heretofore stated, the young lady received a cut on her forehead which necessitated the expenditure of over $1,700 for treatment. At the time of the trial, which was two and one-half years after the accident, other surgery was to be performed. It was shown that she desired to be an airline hostess, but the injury, according to her testimony, caused her to be refused such a job. She had undergone four separate operations at the time of the trial and still had at least one more to endure. She was put to sleep for each operation and had to wear bandages on her forehead for weeks after each operation. The proof was that at the time of trial she suffered pain, sometimes a headache for a week at a time. The doctor testified that the wound had cut nerves in her head and face and thus led to a sensation of numbness around her head. Also that she would have permanent scars  at least two on her forehead.
The verdict was not against the weight of the evidence; the court did not err in overruling the motion for a new trial, nor the motion for judgment notwithstanding the verdict.
Affirmed.
GILLESPIE, P.J., and BRADY, INZER and ROBERTSON, JJ., concur.