585 So.2d 778 (1991)
Joy H. LOWERY (Westbrook), Randy Dale Lowery and Danny Michael Lowery
v.
STATEWIDE HEALTHCARE SERVICE, INC. and Fannie Rue Russell.
No. 89-CA-1145.
Supreme Court of Mississippi.
Decided September 11, 1991.
Billie J. Graham, Leonard B. Melvin, Jr., Melvin & Melvin, Laurel, Lamar Conerly, Jr., Hazlehurst, for appellants.
J. Carter Thompson, Jr., Butler Snow O'Mara Stevens & Cannada, Leslie J. Bobo, Butler Snow Firm, Jackson, for appellees.
En Banc.
HAWKINS, Presiding Justice, for the Court:
Joy H. Lowery, et al. appeal the dismissal of their complaint against Statewide Healthcare Service, Inc. and Fannie Rue Russell in First Judicial District of Hinds County Circuit Court because the claim is barred by Miss. Code Ann. § 15-1-36, a two-year statute of limitations. Plaintiffs argue on appeal that Miss. Code Ann. § 15-1-49, the general six-year statute, applies. We find the circuit court interpretation correct and affirm.

FACTS
Robert and Joy H. Lowery as parents, and minors Randy Dale and Danny M. Lowery as siblings, and the sole surviving heirs-at-law of James R. Lowery, minor decedent, filed a malpractice suit October 29, 1982, in the circuit court of the First Judicial District of Hinds County. The named defendants were:
(1) Anthony B. Petro, M.D., individually and as a professional corporation;
(2) Glen C. Warren, M.D.;
(3) Patrick L. Lillard, M.D.;
(4) M.D. Hardy, Jr., M.D.;
(5) Barry D. Aden, M.D., individually and as a professional corporation; and
(6) Board of Trustees of the Mississippi Baptist Medical Center.
We omit the factual allegations upon which suit was based and all the trial proceedings and skirmishes which are unnecessary to our decision.
*779 All the physicians were dismissed as defendants on a summary judgment.
By a May 5, 1986, order, the circuit judge sustained plaintiffs' motion to amend their pleadings by naming the medical center as a party defendant, and adding Fannie Rue Russell and Upjohn Health Care Services, Inc., as defendants. Upjohn was an incorrect name for this corporate defendant, which should have been named Statewide Healthcare Service, Inc., an error subsequently corrected in the pleadings. The amended complaint alleged that the medical center had contracted with Statewide to furnish nursing personnel to the medical center's hospital in its daily operation, and the latter had the duty to provide reasonably competent nurses and other medical personnel to assist in the treatment of the hospital's patients. The amended complaint alleged that Russell was a nurse employee of Statewide and had the nursing care of James R. Lowery, who subsequently died on October 30, 1980. The amended complaint further charged Russell with negligent care and treatment of her patient, which was a proximate cause of his death.
Statewide and Russell filed a motion for judgment on the pleadings on July 27, 1987, or for summary judgment on the ground that under the two-year limitation period of Miss. Code Ann. § 15-1-36 (Supp. 1986) the suit was time barred as to them. On December 10, 1987, the circuit judge dismissed the suit as to Russell, and in January, 1988, dismissed the suit as to Statewide, rejecting the argument of the plaintiffs that Miss. Code Ann. § 15-1-49, the six-year statute, applied as to this defendant.

LAW
The only issue on this appeal is whether § 15-1-36 the two-year statute of limitation, or Miss. Code Ann. § 15-1-49 applied as to Russell and Statewide. Section 15-1-49 states:
All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after.
This is a Mother Hubbard statute covering other claims and causes of action not specifically covered by other statutes of limitations.
Miss. Code Ann. § 15-1-36 as enacted and as amended until 1983, provided:
Section 1.
(1) No claim in tort may be brought against a licensed physician, osteopath, dentist, hospital or nurse ... for injuries arising out of the course of medical and/or surgical treatment unless it is filed within two (2) years from the date of the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered. However, if at the time at which the cause of action shall, or with reasonable diligence might have been first known or discovered, the person to whom such claim has accrued shall be under the disability of infancy or unsoundness of mind, then such person or the person claiming through him may, notwithstanding that the period or time hereinbefore limited shall have expired, commence action on such claim at any time within two (2) years next after the time at which the person to whom the right shall have first accrued shall have ceased to be under either disability or shall have died, whichever shall have first happened.[1]
The plaintiffs' argument that Miss. Code Ann. § 15-1-36 did not apply to Russell is clearly without merit, because the statute specifically names nurses among those covered.
The plaintiffs argue that Statewide is not specifically named in the statute therefore it does not apply to them. The circuit judge, however, found that its liability was predicated solely upon the doctrine of respondeat superior, and that the bar of the suit against its employee and agent Russell likewise barred the action as to Statewide. We agree.
*780 It is true that the plaintiff could have filed suit solely against the employer Statewide, and there was no necessity to join Russell as a party defendant their liability being joint and several. Granquist v. Crystal Springs Lumber Co., 190 Miss. 572, 1 So.2d 216 (1941); Mississippi Power & Light Co. v. Smith, 169 Miss. 447, 153 So. 376 (1934); Thomas v. Rounds, 161 Miss. 713, 137 So. 894 (1931); see also, Causey v. Burgess, 236 F. Supp. 326, 327 (E.D.S.C. 1964).
This does not mean, however, that the plaintiffs could wait until the action was time barred as to Russell, the agent, and then file an action against Statewide, whose sole liability was based upon the conduct of its servant and agent. In Mississippi law there is no distinction between right and remedy. Miss. Code Ann. § 15-1-3 (1972) states:
The completion of the period of limitation prescribed to bar any action, shall defeat and extinguish the right as well as the remedy. However, the former legal obligation shall be a sufficient consideration to uphold a new promise based thereon.
Under this statute, therefore, Miss. Code Ann. § 15-1-36 bars both the right of action of the plaintiffs' against Russell and Statewide and also bars any remedy against both parties.
In this case Statewide's sole basis for liability is the fact that it was Russell's employer. It is generally held that a suit barred by a statute of limitation against an agent will likewise bar the same claim against the principal whose liability is based solely upon the principal and agency relationship, and not some act or conduct of the principal separate and apart from the act or conduct of the agent. According to 54 C.J.S. Limitations of Actions § 15:
An agent may be protected by the statute of limitation in respect of personal liability and a statute of limitation that bars a claim against an agent equally protects those on whose behalf he acted as agent.
3 Am.Jur.2d Agency § 348 (1962) also reads:
However, a statute that bars a claim against an agent equally protects those in whose behalf he acted as agent, where there are no circumstance of equity to prevent the operation of the statute in their favor; and the concealment of the fact of agency where there is no fraud on the part of the principals does not constitute such a circumstance.
See also, Ware v. Galveston City Co., 111 U.S. 170, 174, 4 S.Ct. 337, 339, 28 L.Ed. 393 (1883); Wilhelm v. Traynor, 434 So.2d 1011, 1013 (Fla.App. 5 Dist. 1983); Hewett v. Kennebec Valley Mental Health Association, 557 A.2d 622, 624 (Me. 1989). This case is time barred as Statewide and Russell were first made party defendants on May 2, 1986, well over two years after the cause of action accrued.
We accordingly affirm dismissal of the suit against Russell and Statewide as time barred.
AFFIRMED.
ROY NOBLE LEE, C.J., and PRATHER, ROBERTSON and PITTMAN, JJ., concur.
SULLIVAN, J., concurs in part and dissents in part with separate written opinion joined by DAN M. LEE, P.J., and McRAE, J.
McRAE, J., concurs in part and dissents in part with separate written opinion joined by DAN M. LEE, P.J., and SULLIVAN, J.
BANKS, J., not participating.
SULLIVAN, Justice, concurring in part and dissenting in part:
I concur with the majority that the Lowerys are barred from proceeding against Fannie Rue Russell pursuant to Miss. Code Ann. § 15-1-36 (Supp. 1980), due to the expiration of the two year statute of limitation. I dissent from the majority's finding that the Lowerys are time barred from proceeding against Statewide Healthcare Service, Inc., because I am convinced that in this case Statewide may not claim the protection of Miss. Code Ann. § 15-1-36 which benefited its agent and because the Lowerys asserted a claim against Statewide *781 which was not based on the theory of respondeat superior.
Under the medical malpractice limitations statute, the Lowerys had two (2) years from the date of their son's death to bring suit against "a licensed physician, osteopath, dentist, hospital, nurse, pharmacist or podiatrist for injuries arising out of the course of medical or surgical treatment... ." Miss. Code Ann. § 15-1-36 (Supp. 1980). This two year period is significantly shorter than the six (6) year period which would otherwise govern this action. Miss. Code Ann. § 15-1-49 (1972).[1]
Ms. Russell certainly is a member of the class of nurses. Therefore, there is no question but that she may claim the benefit of this time limitation.
Statewide, however, may not. The legislature did not intend § 15-1-36 to apply to an agency, which is not a hospital, which is not licensed to provide medical, surgical or nursing care to individuals, and is not a state licensed member of the medical profession. Simply put, Statewide, a professional corporation which is in the business of selling or leasing health care products and providing skilled, qualified personnel ranging from registered nurses to maids, is not within the express definition of this statute. Nor is it an entity of like kind as Statewide argues. See Cunningham v. Yankton Clinic, 262 N.W.2d 508, 509-11 (S.D. 1978).
The Michigan legislature has adopted a statute which would have included Statewide, and which the majority should look to in deciding whether our legislature intended to include agencies such as Statewide:
[A] claim based on the medical malpractice of a person ..., a licensed health care professional, licensed health facility or agency, employee or agent of a licensed health facility or agency who is engaging in or otherwise assisting in medical care and treatment, or any other health care professional, whether or not licensed by the state, accrues at the time of the act... .
Mich. Comp. Laws.Ann. § 600.5838a(1); Mich.St.Ann. § 27A. 5838(1) (Supp. 1990).
The legislature, by specifically setting out who is entitled to the protection of the statute, clearly intended to limit the classes of people and entities which the statute may benefit. Cunningham v. Yankton Clinic, 262 N.W.2d 508, 509-11 (S.D. 1978); see also, Bell v. West Harrison County Dist., 523 So.2d 1031, 1033 (Miss. 1988). Because we follow the rule that a statute should not be applied to classes not clearly within its provisions, I find that Statewide is not entitled to benefit from this statute. See Southwest Drug Co. v. Howard Bros. Pharmacy of Jackson, Inc., 320 So.2d 776, 779 (Miss. 1975).
Statewide argues that despite this fact it should be allowed to claim the benefit of this statute of limitations because Ms. Russell is its employee. I recognize the general rule adopted in some states that "[a] statute that bars a claim against an agent equally protects those in whose behalf he acted as agent, where there are no circumstances of equity to prevent the operation of the statute in their favor." 3 Am.Jur. Agency § 348, p. 857; see also, Ware v. Galveston City Co., 111 U.S. 170, 174, 4 S.Ct. 337, 339, 28 L.Ed. 393, 395 (1884). In this case, I believe equity requires that Statewide not be allowed to receive the benefit of the statute benefiting Ms. Russell.
Additionally, the Lowerys in their amended complaint not only alleged that Statewide was vicariously liable for the acts of Statewide's employee, Fannie Rue Russell, but they also alleged that Statewide had its own duty "to provide reasonably safe and competent medical care and treatment including reasonably competent nurses and other medical personnel to assist in the medical care and treatment being rendered plaintiffs' decedent during his confinement to the hospital. Defendant, [Statewide] and all of its agents, servants, employees and representatives were charged with the duty to properly care for plaintiffs' decedent... ." The Lowerys, thereafter, *782 charged Statewide, and other defendants, with breaching their duties:
The defendants, and each of them, negligently failed to exercise the degree of knowledge, skill and diligence which they should have possessed and exercised in behalf of plaintiffs' decedent, James R. Lowery, and negligently failed to employ and exercise reasonable and proper medical care, skill and practices in the diagnosis, treatment, management, care and observation of James R. Lowery... .
Because Statewide is not within the express definition of § 15-1-36 and an action also is charged against Statewide directly, the general six year statute of limitations should apply. See generally, Johnson v. Children's Hosp. of Michigan, 105 Mich. App. 539, 307 N.W.2d 371, 374 (1981), reversed on other grounds 413 Mich. 913, 320 N.W.2d 55 (1982); Dyke v. Richard, 40 Mich. App. 115, 198 N.W.2d 797, 799-800 (1972), reversed on other grounds, 390 Mich. 739, 213 N.W.2d 185 (1973), and superseded by statute as stated in Morgan v. Taylor, 434 Mich. 180, 451 N.W.2d 852 (1990); Kambas v. St. Joseph's Mercy Hosp. of Detroit, 33 Mich. App. 127, 132, 189 N.W.2d 879, 881 (1971), reversed on other grounds 389 Mich. 249, 205 N.W.2d 431 (1973), and superseded by statute as stated in Whitney v. Day, 100 Mich. App. 707, 300 N.W.2d 380 (1980).
Since the action against Statewide was brought within six years, this cause of action is timely. I would reverse this action on this ground and allow the Lowerys to proceed with their claim against Statewide.
DAN M. LEE, P.J., and McRAE, J., join this opinion.
McRAE, Justice, concurring in part and dissenting in part:
I agree with Justice Sullivan's opinion, post, in which he states that the two-year statute of limitations found in § 15-1-36 does not apply to Statewide Healthcare Service, Inc. The plaintiffs' suit against Statewide is governed instead by the § 15-1-49 six-year statute of limitations and therefore should not have been dismissed. I write separately, however, to emphasize what I perceive to be the majority's misapplication of § 15-1-49 and the doctrine of respondeat superior.
Even the majority would have to agree that Statewide does not fall within any of the professional categories to which the two-year limitation statute refers. By its own terms, § 15-1-36 applies only to suits brought against physicians, osteopaths, dentists, hospitals, nurses, pharmacists, podiatrists, optometrists or chiropractors. Miss. Code Ann. § 15-1-36(1) (Supp. 1990). Statewide is none of the above. Statewide's employment of nurse Russell is the only thing that even remotely links it to the professions listed in § 15-1-36. But to employ a nurse does not make one a nurse. See Hardy v. Brantley, 471 So.2d 358, 373 (Miss. 1985) (imputation of physician's negligence to professional corporation does not have effect of requiring corporation to engage in practice of medicine). Furthermore, § 15-1-36 applies only to licensed professionals. See § 15-1-36(1). Statewide does not  and could not  hold a Mississippi license to practice nursing or any other medical profession. See Hardy, 471 So.2d at 373 (corporation may not be licensed to practice medicine in Mississippi). Statewide, therefore, is a medical professional in neither fact nor theory.
Unable to fit Statewide within the express terms of § 15-1-36, the majority uses the doctrine of respondeat superior as a vehicle for transporting nurse Russell's limitations defense into the plaintiffs' suit against Statewide. The majority reasons that since the § 15-1-36 two-year limitation bars Russell's liability, then that bar should be imputed to Statewide, Russell's employer. I agree that § 15-1-36 applies to nurse Russell. As the majority correctly states, the limitations statute bars both the plaintiffs' right and their remedy. Thus, not only would the plaintiffs fail in their action against Russell (the remedy), but Russell's liability for her alleged negligence is completely discharged (the right). The majority errs, however, in assuming that Russell's discharge from liability is imputable to Statewide.
*783 In making this assumption, the majority fails to realize that negligence and the liability for negligence are not the same thing. Statutes of limitation do not rewrite history. If a person has committed a negligent act, a limitations bar does not render the act non-negligent. Rather, it simply shields the actor from liability for his negligence. If the doctrine of respondent superior were construed as imputing to an employer the liability of an employee, then the majority position would be legally supportable. But such is not the law in Mississippi. The doctrine of respondeat superior imputes to an employer the negligence, not the liability, of an employee. In Capital Transport Co. v. McDuff, 319 So.2d 658 (Miss. 1975), this Court held that an employer may be held liable for the negligent act of an employee even though liability is not imposed on the employee. Accord Golden Flake Snack Foods, Inc. v. Thornton, 548 So.2d 382, 384 (Miss. 1989); Gulf Refining Co. v. Myrick, 220 Miss. 429, 71 So.2d 217 (1954); Rawlings v. Inglebritzen, 211 Miss. 760, 52 So.2d 630 (1951); I.C.R.R. v. Clark, 85 Miss. 691, 38 So. 97 (1905); see also Jones v. Toy, 476 So.2d 30, 31 (Miss. 1985) (employer may be charged with employee's negligence (emphasis added)); Sugg v. Hendrix, 153 F.2d 240 (5th Cir.1946) ("[Mississippi] law imputes to the master the negligent act of a servant." (emphasis added)). Clearly, the sheer weight of our caselaw deflates the majority's notion that employee liability is a prerequisite for vicarious employer liability. Upon reviewing the cases cited above, one arrives at an inescapable conclusion: Under Mississippi law, so long as an employee is guilty of negligence, the doctrine of respondeat superior places that negligence vicariously[1] at the employer's door even though some extraneous factor (e.g., a statute of limitations) prevents the imposition of liability on the employee.
This conclusion is supported by the very definition of "vicarious:" "serving instead of someone or something else ... [or] suffered by one person as a substitute for another." Webster's New Collegiate Dictionary, 1303 (1977). Where an employee could be held liable for his or her negligence but for some collateral obstacle, the employer may still be held liable in stead of, or as a substitute for, the employee.
Accordingly, I dissent from the majority's holding that the plaintiffs' action against Statewide is barred by § 15-1-36.
DAN M. LEE, P.J., and SULLIVAN, J., join this opinion.
NOTES
[1] The language of § 15-1-36 as it applies to the case is not affected by the amendments.
[1] Effective July 1, 1989, the six year limitation has been amended to a three year one.
[1] This Court has repeatedly defined the doctrine of respondeat superior in terms of the vicarious imputation to an employer of an employee's negligent act. See State v. Aseme, 583 So.2d 955 at 956 (Miss. 1991); Starnes v. City of Vardaman, 580 So.2d 733, 737 (Miss. 1991); Webster v. Mississippi Publishers Corp., 571 So.2d 946, 949 (Miss. 1990); Hardy v. Brantley, 471 So.2d 358, 369 (Miss. 1985); Trapp v. Cayson, 471 So.2d 375, 385 (Miss. 1985); Leaf River Forest Products, Inc. v. Harrison, 392 So.2d 1138, 1139 (Miss. 1981); Capital Transport Co. v. McDuff, 319 So.2d 658, 663 (Miss. 1975) (Sugg, J., concurring in part and dissenting in part).