KING, C.J.,
for the Court.
¶ 1. Lyndsay A. Lynch filed suit in the First Judicial District of Harrison County, seeking damages from Liberty Mutual Insurance Company (Liberty Mutual) and Brett Pendleton. The trial court granted the defendants’ motion to dismiss Lynch’s claims as barred by the statute of limitations. Lynch now appeals that decision, asserting the following issues which we quote verbatim:
I. The [t]rial [e]ourt erred in finding that Lynch’s complaint was for the intentional tort of menace, thus allowing the [c]ourt to apply the one (1) year statute of limitations.
II. The [t]rial [c]ourt erred in finding that Lynch’s cause of action began on or about 11 MARCH 2000.
III. The [t]rial [cjourt erred in dismissing Lynch’s case against [defendant's [sic] Brett Pendleton and Liberty Mutual Insurance Company.
FACTS
¶ 2. Lynch was involved in a car accident prior to March 2000. Lynch filed a claim with Liberty Mutual for injuries alleged to be caused by this accident. Liberty Mutual hired an investigator to investigate Lynch’s claims of injury. As a part of this investigation, the investigator followed Lynch and recorded her actions.
¶ 3. According to Lynch, about March 11, 2000, she became aware of being stalked by an individual, who was later identified as Brett Pendleton. Lynch stated that the individual followed her “day and night, appeared at her residence and followed her to public and private locations.” Disturbed by these actions, Lynch notified the Harrison County Sheriffs Department and the Biloxi Police Department. On March 11, 2000, Pendleton followed Lynch to her place of employment, where he was arrested. Pendleton was charged with stalking Lynch. During a June 2000 municipal court trial, Pendleton was found not guilty of stalking. In the course of that trial, Lynch discovered that Pendleton had been hired by Liberty Mutual to record her actions.
¶ 4. On April 10, 2003, a little over three years after first becoming aware that she was being followed, Lynch filed suit against Liberty Mutual and Pendleton. In her complaint, Lynch alleged as claims against the defendants, the following: “(a) negligence, (b) gross negligence, disregard and willful conduct, (c) respondeat superi- or/vicarious liability, (d) good faith and fair dealing, (e) bad faith, (f) slander, (g) common law to the right of privacy.” In due course, Liberty Mutual and Pendleton filed their respective answers to Lynch’s complaint.
¶ 5. On August 12, 2003, Pendleton moved to dismiss Lynch’s complaint. As a basis for his motion, Pendleton alleged that Lynch’s negligence claims were barred by the three year statute of limitations, and her intentional tort claims were barred by the one year statute of limitations. On August 20, 2003, Liberty Mutual joined in Pendleton’s motion to dismiss.
¶ 6. On September 8, 2003, Circuit Court Judge Jerry O. Terry, Sr. received testimony from Lynch, and heard the arguments of counsel on the defendants’ motion to dismiss. At the close of the hearing, the trial court held that notwithstanding the language of the complaint, all of Lynch’s claims appeared to be intentional torts, which were covered by the one year *1292 statute of limitations, and therefore barred. The trial court also ruled that even if Lynch had negligence claims subject to the three year statute of limitations, more than three years had elapsed between the time when Lynch became aware of the injury and the filing of the complaint.
¶ 7. The trial judge granted the motion to dismiss with prejudice, pursuant to Mississippi Rule of Civil Procedure 12(b)(6). Lynch now appeals this decision.
Standard of Review
¶ 8. “This Court applies a de novo standard of review when deciding issues of law. The ‘application of a statute of limitations is a question of law.’ ” Jackpot Mississippi Riverboat, Inc. v. Smith, 874 So.2d 959(¶ 4) (Miss.2004).
ISSUES AND ANALYSIS
I.
Were Lynch’s claims intentional torts subject to the one year statute of limitations?
¶ 9. In determining whether a claim flows from an intentional act or an act of negligence, the court is not bound by the parties characterization of the act, but makes its determination based on the facts. U.S. Fidelity & Guarn. Co. v. Omnibank, 812 So.2d 196(¶ 19) (Miss.2002). The acts which form the foundation of Lynch’s claims were deliberate rather than negligent acts. Those acts were (1) following her night and day, (2) following her to public and private locations, and (3) appearing at her home and place of employment. Deliberate acts of this nature fall within the one year statute of limitations for intentional torts. Lee v. Thompson, 859 So.2d 981(¶ 21) (Miss.2003), Southern Land and Resources Co., Inc. v. Dobbs, 467 So.2d 652, 654 (Miss.1985).
¶ 10. Upon being questioned by Judge Terry, Lynch testified that she was unaware of any stalking by Pendleton after his arrest on March 11, 2000. Judge Terry held that the one year statute of limitations accordingly ran from March 11, 2000. This Court agrees with that holding.
¶ 11. The statute of limitations for intentional torts is found in Mississippi Code Annotated Section 15-1-35 (Rev.2003), which provides:
All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after.
¶ 12. According to the testimony of Lynch the last known act of stalking occurred on March 11, 2000. Therefore, any claims for intentional acts were required to be filed within one year after March 11, 2000.
¶ 13. Additionally, the trial court held that even if Lynch had negligence claims, which were subject to the three year statute of limitation found in Mississippi Code Annotated Section 15-1-49(1) (Rev.2003), her claims would still be barred. The trial court held, and we agree, that Lynch’s claim began to run at the time when she should reasonably have been aware that a tort had been committed. Sarris v. Smith, 782 So.2d 721(¶ 13) (Miss.2001). That day was March 11, 2000, when Pendleton was arrested at Lynch’s place of employment. Lynch’s court action was not filed until April 10, 2003, more than three years after she should have been aware of the existence of a claim against Pendleton.
¶ 14. Lynch also suggests that the statute of limitations against Liberty Mu *1293 tual should have commenced only after the identity of Liberty Mutual was established at the June 2000 municipal court trial of Pendleton. Such a suggestion is not supported by the law. Liberty took no separate actions, and is liable only if Pendleton is liable. The statute of limitations therefore runs from the same date. Lowery v. Statewide Healthcare Service, Inc., 585 So.2d 778, 780 (Miss.1991).
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY, FIRST JUDICIAL DISTRICT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.